OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs; plaintiff’s motion for summary judgment is granted and the case is remitted to Supreme Court, Broome County, for an assessment of damages. The question certified is answered in the negative.
 

 Defendant claims that his assent to the terms of the separation agreement of November 14, 1974 was not voluntary but was the result of coercive actions of plaintiff. This original
 
 *834
 
 agreement was subsequently modified by instruments dated March 12, 1975 and October 21, 1975, the latter stating that "[a]ll other terms, conditions and covenants contained in the Separation Agreement and the Amendment to the Separation Agreement [dated March 12, 1975] are to remain in full force and effect.” Although defendant stated that plaintiff had continued her threats during the period of this second modification, he failed to give details of the alleged coercive conduct and did not tie that conduct to his assent with any degree of specificity. The purely conclusory statements that his assent to said modification was a result of plaintiff’s coercive influence are insufficient. While the courts will scrutinize carefully the circumstances surrounding the execution of a separation agreement
 
 (Christian v Christian,
 
 42 NY2d 63), defendant has not come forward with an evidentiary showing on this crucial issue such as to warrant denial of a motion for summary judgment (see
 
 Friends of Animals v Associated Fur Mfrs.,
 
 46 NY2d 1065;
 
 Indig v Finkelstein,
 
 23 NY2d 728).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.