■ DOMENICA PELKEY, Appellant, v WESLEY J. PELKEY, Respondent. (And One Other Action.)—Appeal and cross appeals from two judgments of the Supreme Court, entered June 29, 1979 and July 9, 1979 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint of Domenica Pelkey seeking to set aside a separation agreement with Wesley Pelkey, granted Wesley Pelkey a conversion divorce based upon the separation agreement, and ordered him to pay Domenica Pelkey's counsel fees. Plaintiff husband and defendant wife were married in 1955. There were five children of the marriage. In 1975, the parties separated and each retained counsel who eventually commenced negotiations on their behalf to settle their marital differences. Temporary alimony was sought and secured for the wife. In the midst of these transactions, the husband delivered to the wife's attorney his personal and partnership tax returns for 1972, 1973 and 1974. These were examined by the wife's attorney together with other financial records demanded by him. The 1974 joint tax return indicates that the parties' adjusted gross income was $71,742. A separation agreement was signed by the parties on March 17, 1976. Under the agreement, the husband conveyed to the wife their marital residence, which was appraised at a value between $50,000 and $63,000, and a 1973 Toyota. The following payments were also to be made to the wife: $700 a month until the youngest child reached 21 years of age and $433.33 a month thereafter; two lump-sum payments of $1,000 each; medical insurance coverage for the wife and children; mortgage payments on the house from February 1, 1976 until the youngest child reached 21; insurance premiums on two policies covering the husband's life, and $150 per child per month until the child is emancipated or reaches 21. If the child was away at college, then the monthly payment would be $108 per month. The husband also agreed to pay the wife's counsel fees of $3,500. The husband and wife additionally agreed to pay for their own legal expenses if either sought a divorce against the

other except that if the wife sought a divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law and the husband contested it, she might then seek counsel fees. A right was reserved to the wife to seek modification of the agreement for changed circumstances after her last surviving child became 21. The wife subsequently commenced an action seeking to set the agreement aside because the husband failed to make a full disclosure of his financial status to her and exercised undue influence over her prior to its signing. It was further alleged that the terms of the agreement were unconscionable. She also sought to impose a constructive trust on the husband's vacation property. The husband in turn commenced an action for divorce based on the separation agreement. After a nonjury trial, the wife's causes of action were dismissed, the husband was granted a divorce and he was ordered to pay $3,500 to the wife's attorney as counsel fees. The court found that the agreement entered into was not unconscionable and that the husband's conduct was not inequitable. The wife was found to be fully represented at all proceedings by counsel who adequately advised her. The court found, too, that financial records of the husband had been revealed to the wife and her attorney before the agreement was signed. It was found that the terms of the agreement were not manifestly unfair and that no overreaching by the husband had occurred. The wife contends on this appeal that the husband misrepresented his financial position to her and induced her to sign the separation agreement by fraud and duress. The record simply does not support these contentions. Although the agreement, viewed from the enlightenment of hindsight, is not the best, it was drafted with the active aid and counsel of the wife's attorney. The agreement appears fair on its face. The wife received about one half of the husband's posttax assets of the year in which it was signed. The courts will not redesign an agreement which was fair at the time of its execution simply because its provisions subsequently prove to be improvident (Christian v Christian, 42 NY2d 63). The negotiations were conducted in the presence of counsel for both sides. The record is simply barren of any convincing evidence of duress or coercion. The wife signed the agreement willingly. She also had the benefit of an extensive revelation of her husband's assets and income tax returns for several years before such signing. Under these circumstances, she cannot prevail. The husband contests the award of counsel fees to the wife. It is his position that these were improvidently awarded in breach of the parties' understanding to bear their own legal expenses in a divorce action. Paragraph 13 of the separation agreement states: "13. The parties specifically acknowledge that in the event either party seeks an action for divorce against the other, that he or she will bear his or her own legal expenses and make no claim against the other party for the value of such services except that if the husband shall contest an action for divorce pursuant to Section 170 (5) of the Domestic Relations Law, the wife may petition the court for legal fees." The trial court was correct in its award of counsel fees. Such fees are provided for in subdivision (a) of section 237 of the Domestic Relations Law. Paragraph 13 of the separation agreement does not foreclose the award in the instant case since it does not address an award of fees to one who defends against an action of divorce brought against him or her but relates only to a party who initiates an action for divorce (Dworetzky v Dworetzky, 43 NYS2d 127).

Judgments affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ, concur.