■ JOHN D. PICOTTE, Respondent-Appellant, v MARGARET B. PICOTTE, Appellant-Respondent. — Cross appeals (1) from an order of the Supreme Court at Special Term (Miner, J.), entered July 8, 1980 in Albany County, which, *inter alia,* partially granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered August 6, 1980 in Albany County, which denied plaintiff's motion for a protective order. The parties were married September 21, 1963 and have three minor children. On January 3, 1977, plaintiff left the marital home. Negotiations commenced between attorneys for each party seeking a mutually satisfactory separation agreement. Failing to accomplish this, defendant, on June 28, 1977, commenced an action for divorce against plaintiff on the ground of adultery, in which action plaintiff appeared. The action was not pursued and negotiations resumed (although referred to in the briefs, the record does not contain a stipulation of discontinuance of this action). Defendant appeared at the office of plaintiff's attorney with her counsel on January 28, 1978 and executed an agreement already signed the previous day by plaintiff. On April 12, 1979, the parties executed a written amendment to the agreement which modified only paragraph 20 thereof dealing with income taxes and stated that no other portion of the agreement would in any way be affected by the amendment. On October 15, 1979, plaintiff commenced the instant action for a conversion divorce predicated upon compliance with the terms of the separation agreement. Defendant answered through her new attorneys and interposed three affirmative defenses and counterclaims alleging fraud by concealment of net worth, overreaching, and economic duress. She sought rescission of the separation agreement and also counterclaimed for fair and reasonable support. In November, 1979, plaintiff moved for summary judgment dismissing the answer, for a conversion divorce, and for a protective order striking a notice dated November 5, 1979 which sought to take plaintiff's deposition. Special Term granted plaintiff a conversion divorce in partial summary judgment, but denied his motion to dismiss the answer and ordered a plenary trial of the issues presented by the counterclaims asserted in the answer. Special Term did not address the motion for a protective order. Defendant appealed that part of the order and the judgment granting a divorce to plaintiff. Plaintiff cross-appealed from those portions of the order and judgment which denied his motion to dismiss the answer and denied a protective order. On June 11, 1980, after receipt of the decision by Special Term on the above motion, defendant served demand for plaintiff's net worth

statement pursuant to section 250 of the Domestic Relations Law. Plaintiff moved for an order striking the demand on the ground the time therefor had expired in that the divorce had already been granted. Special Term, by order dated July 25, 1980, denied the motion and plaintiff has appealed therefrom. Plaintiff was entitled to a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law. If there has been substantial compliance with the terms of a written separation agreement and the parties have been living separate and apart for a period of one year or more, the court may grant the divorce. Even though a portion of the agreement dealing with support or property settlemer t may ultimately be declared void because of overreaching or duress in bringing about its execution, the separation agreement still retains its vitality as an essential ingredient in an action for the dissolution of the marriage *(Christian v Christian,* 42 NY2d 63, 73; *Fairley v Fairley,* 75 AD2d 975, affd 53 NY2d 726; *Berman v Berman,* 72 AD2d 425). Examination of the record reveals that plaintiff has substantially complied with the agreement. Defendant nowhere alleges nonperformance, nor did she object to or reject the agreement during the 19 months following its execution. Only when the instant action for divorce was commenced, and defendant retained new counsel, did the allegations of fraud, duress and overreaching surface. While the answer adroitly alleges fraud in the execution of the agreement, a requisite to vacatur, we do not find such substantiation thereof as would require a court to order it vacated and voided as a matter of law. We believe Special Term correctly ordered a trial of defendant's counterclaims. Summary judgment may not be granted where triable issues of fact exist *(Ugarriza v Schmieder,* 46 NY2d 471). While pure conclusory allegations that the agreement is inequitable are insufficient to defeat summary judgment *(McGahee v Kennedy,* 48 NY2d 832), the preseparation standard of living described in the record would indicate that a question of fact exists as to whether the agreement is fair and equitable. Here, plaintiff consistently refused to fully disclose his financial condition, other than to furnish a copy of the parties' 1976 joint income tax returns. While such refusal is not tantamount to fraud *(Riemer v Riemer,* 31 AD2d 482, affd 31 NY2d 881; cf. *Pelkey v Pelkey,* 79 AD2d 835), when coupled with defendant's lack of knowledge, a plenary trial is warranted on the question of whether fraud existed *(Martin v Martin,* 74 AD2d 419). Grossly inadequate support provisions in light of the plaintiff's income may be found as overreaching *(Corcoran v Corcoran,* 73 AD2d 1037). Similarly, the allegations of coercion grounded in alleged threats to discontinue support, coupled with defendant's physical ailments and emotional disturbances, present issues of fact. Separation agreements between spouses, unlike arm's length contracts with strangers, involve fiduciary relationships and require utmost good faith *(Christian v Christian,* 42 NY2d 63, 72, *supra).* We therefore, affirm the determination of Special Term with regard to the counterclaims. We further hold that defendant is not entitled, at this stage, to compulsory disclosure pursuant to section 250 of the Domestic Relations Law (repealed L 1980, ch 281, § 18, now set forth in Domestic Relations Law, § 236). The support terms of the agreement will not become an issue unless and until said agreement is set aside *(Gleeson v Gleeson,* 69 AD2d 964; *Shiffman v Shiffman,* 57 AD2d 519; *Moat v Moat,* 27 AD2d 895). Defendant may utilize discovery proceedings available pursuant to CPLR article 31 in the prosecution of her counterclaims. Accordingly, the order of Special Term made July 25, 1980, denying plaintiff's motion for a protective order striking the demand for plaintiff's net worth statement, is reversed, and an order striking the same is granted. Order and judgment entered July 8, 1980, affirmed, without costs. Order entered August 6, 1980, reversed, on the law,

without costs, and plaintiff's motion for a protective order granted. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.