■ HELEN B. GORMAN, Respondent, v DAVID P. GORMAN, Appellant. — Appeals (1) from so much of an order of the Supreme Court at Special Term (Dier, J.), entered March 26, 1981 in Franklin County, as denied defendant's cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 24, 1981 in Franklin County, which denied defendant's motion for summary judgment on his counterclaim for divorce. The parties were married in 1959 and have one child, born April 25, 1971. They entered into a separation agreement, dated February 18, 1978, which provides, *inter alia,* for alimony, child support and division of the real and personal property owned by the parties. Defendant made the required alimony and child support payments until August, 1980, when plaintiff commenced the instant action seeking to set aside the agreement and to impose a constructive trust. Defendant has counterclaimed for a judgment of divorce based upon the separation agreement filed in the Franklin County Clerk's office. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Both motions were denied. Defendant thereafter moved for summary judgment on his counterclaim for divorce and that motion was denied. Defendant now appeals from both adverse determinations. We hold that defendant's cross motion for summary judgment dismissing the complaint should have been granted. Plaintiff's first cause of action to set aside the separation agreement is based upon allegations of undue influence, duress and misrepresentation on the part of defendant. To warrant equity's intervention, plaintiff need not show actual fraud, but she must establish that the settlement is manifestly unfair to her due to defendant's overreaching (*Christian v Christian,* 42 NY2d 63, 72). The first point of inquiry is the agreement itself, "to see if there is an inference, or even a negative inference, of overreaching in its execution" (*id.,* at p 73). We note that the record contains two agreements, both containing the parties' signatures. The agreement filed in the Franklin County Clerk's office is typed with numerous handwritten changes, initialled by the parties. The other is completely typewritten and incorporates the handwritten changes. Special Term denied defendant's motion on the ground of the existence of these two agreements. The complaint, however, does not allege that the parties failed to enter into a contract because there was no meeting of the minds on its essential terms. Rather, it alleges

that a contract was made, but that it is void due to defendant's overreaching. In any event, since the essential terms of the two agreements are virtually identical, we will examine them for any inference of overreaching. It is apparent from the record that the assets owned by defendant individually or jointly with plaintiff prior to the separation were substantial, and, under the agreement, defendant retained the bulk of these assets, although many apparently were encumbered by liens securing large loans. Plaintiff did receive the marital residence, subject to certain rights retained by defendant, together with an automobile and certain other personal property. Alimony was fixed at $1,374 per month until February 28, 1982 when it would be reduced to an amount sufficient to pay the existing mortgage and home improvement loan on the marital residence. Child support was fixed at $260 per month. While the agreement is far from generous with respect to the benefits accorded plaintiff in light of the couple's assets, and perhaps in hindsight she could have struck a better bargain, the terms of the agreement are not so manifestly unfair as to shock the conscience or confound our judgment (see *Martin v Martin,* 74 AD2d 419). Nor are the support provisions so grossly inadequate as to create a question of fact as to defendant's overreaching (see *Picotte v Picotte,* 82 AD2d 983, mot for lv to app dsmd 55 NY2d 605, 847), particularly in view of the circumstances surrounding the execution of the agreement. During the three-week period that the terms of the agreement were negotiated, plaintiff was represented by counsel of her own choosing, whom she considered to be competent. She met with him on at least three occasions prior to execution of the agreement, and, although she does not recall details of the discussions, she admits that she discussed the terms of the agreement with her attorney. Moreover, while defendant did not provide plaintiff with a statement of his financial condition, he alleges that she was well aware of all the assets and his income, and plaintiff concedes that she knew of the various assets owned by defendant individually or jointly with her, that she often deposited defendant's paychecks, and that she signed and had the opportunity to examine the joint tax returns prepared by an accountant. Defendant alleges in his affidavit, and plaintiff does not deny, that the accountant was available to plaintiff and her attorney for consultation during the negotiations. Under these circumstances, there is no basis for setting aside the agreement (see *Pelkey v Pelkey,* 79 AD2d 835; *Nahlik v Nahlik,* 74 AD2d 709). We also note that plaintiff received the benefits accorded her under the agreement for some two and one-half years before she retained new counsel and instituted the present action. Having concluded that plaintiff's cause of action seeking to set aside the separation agreement should be dismissed, we find no basis for imposing the constructive trust sought in plaintiff's second cause of action. In any event, the promises allegedly made by defendant are insufficient to invoke the remedy (see *Saff v Saff,* 61 AD2d 452, app dsmd 46 NY2d 969). Turning to the counterclaim for divorce based upon the separation agreement, we conclude that Special Term properly denied defendant's motion for summary judgment. The parties have each made conclusory allegations of compliance and noncompliance, which are insufficient to support an award of summary judgment to either party. Order entered March 26, 1981, modified, on the law, by reversing so much thereof as denied defendant's cross motion for summary judgment dismissing the complaint, cross motion granted and complaint dismissed, and, as so modified, affirmed, without costs. Order entered June 24, 1981, affirmed, without costs. Casey, J. P., Yesawich, Jr., Weiss and Levine, JJ., concur.