OPINION OF THE COURT
Jasen, J.
We are asked on this appeal to determine whether the fact that a separation agreement was prepared by one attorney representing both the husband and wife is sufficient, in and of itself, to establish overreaching requiring a rescission of the agreement.
The parties were married on October 18, 1958 and have two children. Due to a variety of differences, the couple separated in 1971. On February 17,1976, they entered into a separation agreement. At the time, the husband was operating an auto supply parts business and, according to the record, was earning $20,000 per year. The wife was employed as a bookkeeper for her husband’s business and earned approximately $170 per week.
The separation agreement provided, among other things, that the wife was to retain custody of the children. The wife was also awarded the right to occupy the marital residence and ownership of all the furniture therein was transferred to her. The husband agreed to pay $125 per week in support for the wife and the two children. In addition, the husband agreed to pay for the children’s private education, health insurance, clothing and medical bills. The husband also assumed all carrying charges on the marital residence, including taxes and mortgage interest payments, and agreed to provide the wife with the free use of a Cadillac automobile. For her part, the wife agreed to transfer her half interest in a boat owned by the couple. Although the boat had a market value of between $40,000 and $50,000, it was encumbered by a substantial mortgage.
The separation agreement was prepared by an attorney, related to the husband by marriage, who had previously represented the husband in connection with his business and who had known both parties for a number of years. The husband initially contacted the attorney and informed him that he had discussed the possibility of a separation agreement with his wife and that the couple had agreed on the *46 essential terms. The attorney then arranged to meet with the wife at his office.
At this meeting, the attorney told the wife that he was involved in the matter only because the basic terms of the agreement had already been settled by the parties and that the wife was free to seek the advice of another attorney. Based on conversations with both parties, the attorney prepared a draft agreement. Further negotiations and consultations followed, after which a final agreement was drawn up, thoroughly reviewed by plaintiff, and then signed by her.
On June 14,1976, the parties executed an amendment to the separation agreement in order to arrange for the sale of the marital residence and the purchase of a second house. A second amendatory agreement, dated November 19, 1976, provided for the transfer of the Cadillac referred to in the original agreement to plaintiff. The husband, based on the 1976 separation agreement, obtained a conversion divorce (see Domestic Relations Law, § 170, subd [6]) on August 23, 1977.
The wife then commenced this action seeking to have the separation agreement and the two subsequent modifications thereof set aside as “inequitable” and “unconscionable”. In her complaint, the wife alleged that she “was not represented by counsel of her own choosing, but instead and without her consent was represented by the defendant’s attorney” in the execution of the separation agreement and subsequent modifications. The wife further alleged that the husband “coerced and exerted undue influence and overreaching on the plaintiff” such that “plaintiff’s use of defendant’s attorney was nót a choice freely made by plaintiff.”
After a nonjury trial, the wife’s complaint was dismissed for failure to make out a prima facie case. The court found no evidence of coercion, undue influence or overreaching practiced by the husband. The court also concluded that the agreement was fair, and a specific finding was made that the attorney had “managed to preserve neutrality” throughout his joint representation of the couple.
*47 On appeal, a unanimous Appellate Division reversed, on the law and the facts, and granted the wife judgment setting aside the separation agreement. After noting that the wife was represented by her husband’s counsel, the court below stated: “Upon this record, we conclude that the circumstances evince a sufficient degree of overreaching on the part of the husband to require that this separation agreement be set aside.” (83 AD2d 606.) There should be a reversal.
At the outset, it should be noted that, in the posture in which this case comes before us, the standard of review is rather limited. Where, as here, the Appellate Division reverses “on the law and the facts” and makes new findings, we must examine the record to determine whether the weight of the credible evidence supports the trial court’s findings or the new findings made by the Appellate Division. (NY Const, art VI, § 3, subd a; CPLR 5501, subd [b].) In our view, the weight of the evidence supports the finding made by the trial court that the separation agreement was not the prodüct of overreaching by the husband. Moreover — and this would be fatal to the wife’s claim, as a matter of law — there was no factual determination at the Appellate Division that the terms of the agreement were unfair to the wife. To establish her entitlement to the relief which she seeks, the wife would have to demonstrate both overreaching and unfairness.
For the most part, a separation agreement which is regular on its face will be recognized and enforced by the courts in much the same manner as an ordinary contract. However, because of the fiduciary relationship between husband and wife, separation agreements generally are closely scrutinized by the courts, and such agreements are more readily set aside in equity under circumstances that would be insufficient to nullify an ordinary contract. (Christian v Christian, 42 NY2d 63, 72; see, also, McGahee v Kennedy, 48 NY2d 832, 834.) Although courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching, the general rule is that “[i]f the execution of the agreement * * * be fair, no further inquiry will be made.” (Christian v Christian, supra, at p 73.)
*48 Nor does the fact that the same attorney represented both parties in the preparation of the agreement require an automatic nullification of the agreement. While the absence of independent representation is a significant factor to be taken into consideration when determining whether a separation agreement was freely and fairly entered into, the fact that each party retained the same attorney does not, in and of itself, provide a basis for rescission. (Perry v Perry, 64 AD2d 625; see, e.g., D’Arc v D’Arc, 164 NJ Super 226; McCarty v McCarty, 300 SW2d 394 [Mo]; Whitney v Seattle-First Nat. Bank, 90 Wn 2d 105; Marshall v Marshall, 273 SE2d 360 [W Va]; see, generally, Independent Advice as Essential to Validity of Transaction Between Persons Occupying a Confidential or Fiduciary Relationship, Ann., 123 ALR 1505.) Of course, a claim of overreaching will be subject to a “far more searching scrutiny” and, as a result, is less likely to prevail where the party had the benefit of independent representation during the negotiation and execution of the agreement. (2 Lindey, Separation Agreements and Ante-Nuptial Contracts [rev ed], § 37, subd 9, p 37-22 [and cases cited therein].) On the other hand, where one attorney has represented both parties to the agreement, a question of overreaching on the part of the party who is the prime beneficiary of the attorney’s assistance may arise. Nevertheless, as long as the attorney fairly advises the parties of both the salient issues and the consequences of joint representation, and the separation agreement arrived at was fair, rescission will not be granted. (Perry v Perry, supra.) While the potential conflict of interests inherent in such joint representation suggests that the husband and wife should retain separate counsel, the parties have an absolute right to be represented by the same attorney provided “there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement”. (Christian v Christian, 42 NY2d 63, 72, supra.)
Applying these principles to the case before us, we cannot conclude that it was error for the trial court, as a matter of law, to have found that the separation agreement *49 in this case is fair, both on its face and when considered in light of the parties’ circumstances at the time of execution. The husband undertook a variety of financial obligations, all of which were designed to maintain the wife and the two children in the style to which they were accustomed to living. Although the wife has contended throughout this action that the husband earns a far greater income than the record reflects, she has not come forward with an evidentiary showing to support this claim. We agree with the trial court that the wife’s bare allegations to the effect that the husband has been “living high on the hog” provide no basis for overturning the parties’ agreement.
Contrary to the determination below, the fact that the same attorney represented both parties in the preparation of the separation agreement does not, without more, establish overreaching on the part of the husband. The record discloses that the attorney had been an acquaintance of the husband and wife for a number of years. He agreed to draft the separation agreement only because the parties, prior to consulting him, already had reached an accord on the essential terms. Even then, the attorney told the wife that she could consult with another attorney, but the wife declined to do so. In addition, the wife expressly acknowledged in the separation agreement itself that the attorney had previously represented her husband, that she had “complete faith and trust in him” as her attorney, and that through his representation she was “entering into a better agreement than if she had consulted with independent counsel who tried to bargain for a better agreement”. Most importantly, the trial court specifically found that the attorney remained neutral throughout his involvement with the parties, and this particular finding was not disturbed by the Appellate Division. Under these circumstances, any inference of overreaching on the part of the husband arising from the joint representation properly was rejected by the trial court.
Finally, we cannot say, as a matter of law, that the trial court abused its discretion by failing to grant plaintiff’s request to exclude the attorney who drafted the agreement from the courtroom during the taking of testimony from other witnesses. (See Richardson, Evidence [10th ed], *50 § 460.) In any event, even assuming error, there has been no showing of any prejudice occasioned by this failure to exclude such as would require a new trial.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Westchester County, reinstated.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.