■ MARK DAVIDOFF, Appellant, v ROBIN DAVIDOFF, Respondent. — In an action for divorce, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Durante, J.), dated May 19, 1982, which denied his motion to (1) strike the defendant wife's answer and counterclaims and thereupon, for summary judgment granting him a conversion divorce based upon a judgment of separation of the same court, dated May 30, 1980, (2) strike her interrogatories, and (3) vacate her demand for a statement of net worth, and which, upon the defendant wife's cross motion for an award of counsel fees, deemed the same to include a request for disclosure, granted counsel fees to her in the sum of $500 and directed the plaintiff to appear for an oral deposition on the issue of fraud and his finances existing at the time the parties entered into the stipulation upon which said judgment of separation was based. Order modified, on the law, by deleting the first and second decretal paragraphs thereof, and substituting therefor provisions (1) granting summary judgment to the plaintiff on his complaint and to the defendant on her second counterclaim for a conversion divorce, (2) granting summary judgment to the plaintiff striking the defendant's first counterclaim, (3) granting that branch of the plaintiff's motion which sought to strike defendant's interrogatories and to vacate her demand for a statement of net worth, and (4) denying discovery to the wife. As so modified, order affirmed, without costs or disbursements. Upon searching the record, we are of the opinion that the parties are entitled to summary judgment on their respective causes of action for a conversion divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law. The record establishes that the plaintiff and the defendant have lived apart pursuant to a judgment of separation for more than one year and plaintiff has submitted documentary proof of his substantial, if not perfect, compliance with the terms of that judgment. Although defendant asserts as her first counterclaim that only fraud and misrepresentations on the part of plaintiff induced her to enter into the stipulation on which the judgment of separation was based, she has made only conclusory, unsupported allegations of fraud in support of her claim and in opposition to plaintiff's motion. Such conclusory allegations are insufficient to raise a question of fact precluding summary judgment (see *Sheindlin v Sheindlin,* 88 AD2d 930, 931; *Russell v Russell,* 90 AD2d 516; *Ronson v Ronson,* 58 AD2d 987, 988; cf. *Picotte v Picotte,* 82 AD2d 983, 984, app dsmd 55 NY2d 748, mot for lv to app dsmd 55 NY2d 847). The court also erred in denying that branch of plaintiff's motion which sought to strike defendant's interrogatories and to vacate her demand for a statement of net worth and in directing plaintiff to appear for an oral deposition on the issue of fraud and his finances at the time the parties entered into the stipulation upon which the judgment of separation was based. The plaintiff's financial circumstances are irrelevant to this action since defendant wife has been wholly unsuccessful in her attack upon the agreement, failing even to have raised an issue of fact on the question of fraud (cf. *Potvin v Potvin,* 92 AD2d 562; *Picotte v Picotte, supra,* p 984). Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.