■ MARCIA WILE, Respondent, v JACK WILE, Appellant. (Action No. 1.) JACK WILE, Appellant, v MARCIA WILE, Respondent. (Action No. 2.) — In actions for rescission of a separation agreement (action No. 1) and for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law (action No. 2), the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 26, 1983, as (1) denied that branch of his motion which sought to renew a motion for summary judgment dismissing the complaint in action No. 1, and (2) in effect denied that branch of his motion which sought summary judgment in his favor in action No. 2. ¶ Order reversed, insofar as appealed from, on the law, with costs, the branch of the motion which sought renewal granted, and, upon renewal, the husband's motion for summary judgment in action No. 1 is granted, and that action is dismissed, and that branch of his motion which sought summary judgment in action No. 2 for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law granted. ¶ The parties were married in the State of New York on June 1, 1958. There are three children of the marriage, one of whom is a minor. Marital difficulties thereafter arose, and on June 10, 1981, the parties entered into what was purported to be a separation agreement providing, among other things, for

certain payments by the husband to the wife for her maintenance and support, and a distribution of the parties' jointly owned property. The separation agreement also contained a clause which provided, in essence, that the parties acknowledge that each has fully disclosed his financial status to the other, that their respective counsel explained to them the legal and practical effect of every aspect of the agreement, and that the circumstances surrounding the preparation and execution of the agreement were fair and not a result of fraud, duress or undue influence. The record shows that the husband is a man of substantial means with a lucrative business in the garment industry. ¶ On or about November 12, 1981, the wife commenced an action for rescission of the separation agreement (action No. 1). In her complaint, she alleged that the separation agreement had been executed as a result of fraud, duress and overreaching on the part of the husband. As evidence of such charges, she alleged that her husband had begun to exert extreme pressure upon her to reach some sort of financial settlement and sign a separation agreement in accordance therewith. The wife alleged that her husband threatened to reduce or cut off support payments he had been voluntarily making to her, which threat had been carried out for a brief period of time. There were other statements allegedly made by the husband, primarily to the effect that his wife had " 'better not bother with the business' ". She further claimed that her husband withheld certain financial information regarding his business, a related profit-sharing plan and other unspecified assets. As a result of her husband's alleged conduct, the wife felt tense, frightened and upset, which emotional state allegedly caused her to sign against her will a separation agreement very unfavorable to her. ¶ By notice of motion dated December 18, 1981, the husband moved for summary judgment dismissing the wife's complaint. In his affidavit, the husband stated that his wife had received assets valued at approximately $375,000, that she had been represented by competent counsel throughout the nearly seven months spent negotiating a property settlement, that the agreement itself had been revised numerous times, often at the request of the wife, and that he supplied all financial information which his wife's counsel had requested. ¶ By order of the Supreme Court at Special Term (Roncallo, J.), dated February 23, 1982, the motion for summary judgment was denied. ¶ Thereafter, on or about June 14, 1982, the husband commenced an action for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law (action No. 2), on the ground that there existed a duly executed separation agreement which had been filed prior to the commencement of said action, that the husband had at all times substantially complied with his obligations under the separation agreement and that the parties had lived separate and apart for more than one year. The wife put in an answer denying the material allegations of the complaint and raised affirmative defenses. ¶ On November 10, 1982, the husband conducted an examination before trial of his wife. During the course of questioning, it was revealed that the wife had been aware of her husband's business and profit-sharing plan, and knew generally what the latter consisted of. She also indicated that, with respect to the property settlement, "I knew what I was getting". She stated that, to her knowledge, her husband had fully complied with the terms of the separation agreement. Many of the wife's responses to the questions posed in connection with negotiations leading up to the execution of the separation agreement were either that she "didn't know" or was too confused and upset at the time to remember what had transpired. The record shows that the wife was represented by independent counsel during the preparation and execution of the separation agreement. ¶ By notice of motion dated February 15, 1983, the husband moved at Special Term for consolidation of the two actions, for leave to renew his motion for summary judgment in

action No. 1 and for summary judgment in action No. 2. The court (Roncallo, J.) denied his motion for "reargument" and conditionally ordered that the two actions be tried jointly. This appeal then ensued. ¶ It was error for Special Term to have characterized the husband's motion to renew as one for reargument since he submitted new and material facts on papers (the transcript of two depositions, one of the wife and the other of her former attorney) which had not been before the court at the time of his original motion (see *Barry v Good Samaritan Hosp.*, 86 AD2d 853; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.04). Moreover, as the husband could not have acquired such additional facts until after he had commenced discovery proceedings, there was a valid excuse for not presenting them to the court at the time of the original motion (see *Foley v Roche*, 68 AD2d 558, 568). An appeal lies from the denial of a motion to renew (see *Soffair v Koffler*, 29 AD2d 659) and characterization of the motion by Special Term as one for reargument is not determinative (see *Brann v City of New York*, 96 AD2d 923). ¶ Turning now to whether the motion for summary judgment in action No. 1 should have been granted, a review of the record establishes that while the economic provisions of the separation agreement may not have been generous to the wife in view of the husband's net worth and financial means, the same are not unconscionable in that no person in his senses and not under delusion would agree to them, nor are they so manifestly unfair as to shock the conscience (*Christian v Christian*, 42 NY2d 63, 71; *Gorman v Gorman*, 87 AD2d 674, mot to dismiss app granted 56 NY2d 804). Moreover, there has been no significant showing that the terms of the agreement were not reached fairly or that the agreement itself had been executed as a result of the husband's duress. It is undisputed that the wife had been at all times represented by experienced counsel of her own choosing and that the agreement had been negotiated over several months with many revisions, often at the request of the wife. Nor does there appear to be any merit to the wife's claim that her husband's threats had anything to do with her signing the separation agreement in its final form. These "threats" were allegedly made long before the date of execution of the agreement. The wife does not claim that she did not want to be separated from her husband. Nor does the ambiguous statement that she had better stay away from the business add anything to the wife's case. Such words are of dubious meaning and do not necessarily relate to an involuntary sacrifice of her right to equitable distribution of the marital property. There were, therefore, no triable issues of fact for a court to decide so as to warrant the denial of summary judgment. ¶ Finally, in action No. 2, the husband should have been granted summary judgment for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law (*Christian v Christian, supra; Davidoff v Davidoff*, 93 AD2d 805; *Picotte v Picotte*, 82 AD2d 983, app dsmd 55 NY2d 748; *Ezratty v Ezratty*, 114 Misc 2d 22). The record herein shows that there has been substantial compliance with the terms of the agreement and the parties have been living separate and apart for more than a year, as required by statute. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.