■ ALFRED D. TUCK, Appellant, v LORETTA C. TUCK, Respondent.—In an action, *inter alia,* to rescind a separation agreement, the plaintiff husband appeals from a judgment of the Supreme Court, Orange County (Jiudice, J.), dated October 21, 1985, which, after a nonjury trial, is in favor of the defendant wife and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff husband instituted the instant action in September 1984 seeking, *inter alia,* to rescind the parties' separation agreement which had been executed in May 1984. The plaintiff essentially claimed that the agreement was unfair, unconscionable and the result of overreaching by the defendant and her attorney. The plaintiff was not represented by counsel at the time the agreement was prepared and executed.

Following a nonjury trial, the Supreme Court concluded that the relevant testimony established that the agreement was not manifestly unfair and that the plaintiff had been made fully aware of the facts and legal ramifications of the agreement by the defendant's attorney prior to its execution. Accordingly, the court rejected the plaintiff's claims of overreaching by the defendant and her counsel. We agree and, accordingly, affirm.

It is axiomatic that, because of the fiduciary relationship between husband and wife, the courts will closely scrutinize separation agreements for evidence of fraud or overreaching *(see, Christian v Christian,* 42 NY2d 63, 71-73; *Levine v Levine,* 56 NY2d 42, 47). Overreaching, however, is not proven simply by the fact that the party seeking to set the agreement aside was not represented by counsel when the agreement was executed *(Levine v Levine, supra; Culp v Culp,* 117 AD2d 700; *Surlak v Surlak,* 95 AD2d 371). Although the court may look to the terms of the agreement as well as the surrounding circumstances to determine whether there has been overreaching, the general rule is that if the execution of the agreement was fair, no further inquiry will be made *(Christian v Christian,* 42 NY2d 63, 72, *supra).*

The gravamen of the plaintiff's claim herein is that he was

not represented by independent counsel and that the defendant's counsel did not objectively advise him of the significance of the provisions of the agreement. The facts in the record before this court contradict the plaintiff's claim. The plaintiff was advised at the outset by the defendant that her attorney would not jointly represent the parties. The plaintiff was also advised by the defendant's counsel that the plaintiff had the right to consult with an attorney of his own choice, if he was so inclined. The plaintiff stated that he did not wish to be represented by independent counsel. Additionally, the testimony adduced at the trial clearly established that the plaintiff was fully informed by the defendant's counsel as to the effect of the terms of the agreement governing the division of the parties' property and support and maintenance. Counsel also advised the plaintiff of the effect of the equitable distribution statute and gave him a copy of the statute for his review.

Several days prior to the date the agreement was executed, the defendant's counsel mailed a copy of the agreement to both parties. Immediately prior to the execution of the agreement on May 7, 1984, the defendant's attorney read the terms of the agreement out loud to both parties and asked if they had any questions. At that time, the plaintiff requested minor changes in the terms of the agreement. All of the plaintiff's requests were accepted and the changes were made before the parties signed the agreement.

In view of the foregoing, it is clear that the Supreme Court's determination that the parties' separation agreement was not a product of overreaching by the defendant or her attorney was proper (see, Surlak v Surlak, 95 AD2d 371, 385-386, supra; Goodison v Goodison, 66 AD2d 923, affd 48 NY2d 786). Accordingly, the plaintiff's complaint was properly dismissed. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.