■ NICOLE HUMMEL, Appellant, v DIETMAR H. HUMMEL, Respondent.—In an action for divorce and ancillary relief, the plaintiff wife appeals from a resettled judgment of the Supreme Court, Putnam County (Dickinson, J.), dated July 26,

1988, which, *inter alia,* upon granting the defendant's motion for summary judgment on his first counterclaim, decreed that the marriage was dissolved pursuant to Domestic Relations Law § 170 (6) by reason of the parties having lived separate and apart pursuant to a written agreement for a period of one or more years.

Ordered that the resettled judgment is affirmed, with costs.

The Supreme Court properly granted the defendant husband's motion for summary judgment for a conversion divorce pursuant to Domestic Relations Law § 170 (6). Contrary to the plaintiff wife's contention, the record established that the parties lived apart pursuant to their agreement for more than one year and the defendant had substantially complied with the terms of that agreement.

While the plaintiff claimed that the agreement was procured by fraud and overreaching on the part of the defendant, she has made only conclusory unsupported allegations in her pleadings and in opposition to the defendant's motion. "Such conclusory allegations are insufficient to raise a question of fact precluding summary judgment" *(Davidoff v Davidoff,* 93 AD2d 805; *see, McGahee v Kennedy,* 48 NY2d 832; *Culp v Culp,* 117 AD2d 700, 702; *Russell v Russell,* 90 AD2d 516; *Sheindlin v Sheindlin,* 88 AD2d 930, 931; *cf., Picotte v Picotte,* 82 AD2d 983, 984).

The other contentions raised by the plaintiff are without merit. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.