■ JAMES S. LOCKHART, Appellant, v FERN G. LOCKHART, Respondent.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on February 8, 1989, which denied plaintiff's motion to vacate and set aside an out-of-court stipulation executed by the parties on June 15, 1988, is unanimously affirmed, without costs or disbursements.

We find no merit to plaintiff's claim that the stipulation signed by the parties herein was unconscionable. "[A]n unconscionable bargain has been regarded as one ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' (Hume v United States, 132 US 406, 411), the inequality being ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' (Mandel v Liebman, 303 NY 88, 94)" (Christian v Christian, 42 NY2d 63, 71). In that regard, the court encourages property settlements through stipulation and will exercise judicial review sparingly (Christian v Christian, supra, at 71-72). However, the court will strictly scrutinize separation agreements to ascertain that the terms are fair and equitable and were not the result of fraud or duress (Yuda v Yuda, 143 AD2d 657). A stipulation will be vacated, even if actual fraud is not shown, if the settlement is manifestly unfair to a spouse because of the other's overreaching (Christian v Christian, supra, at 72). Each party herein was represented by independent counsel. In exchange for the wife retaining the house, the husband keeps 100% of his pension, full title to the Florida real estate and $10,000 when the house is sold. Thus, the agreement cannot be deemed unfair and inequitable. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.