■ LINDA MAHON, Respondent, v JEFFREY L. MOORMAN, Appellant. [650 NYS2d 153] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered October 18, 1995, *inter alia*, declaring the parties' separation agreement to be valid and enforceable, unanimously affirmed, with costs.

In seeking to set aside the separation agreement on the ground of duress and overreaching, defendant has failed to demonstrate that plaintiff's threats allegedly made during the period when the agreement was being negotiated deprived him of the ability to act in furtherance of his own interests (*cf.*, *Polito v Polito*, 121 AD2d 614, *lv dismissed* 68 NY2d 981). The evidence demonstrates that the terms of the separation agreement were for the most part dictated by defendant, and that after terminating the services of the attorney he had initially

retained, he deliberately elected not to be represented by counsel before signing the agreement. Any financial pressure defendant may have been under was not plaintiff's doing, and the terms of the agreement under the circumstances were not inequitable (*see, Lockhart v Lockhart*, 159 AD2d 283). Moreover, because defendant accepted all the benefits due him under the agreement, he is estopped from challenging its validity on the ground that it was not properly executed pursuant to Domestic Relations Law § 170 (6) (*cf., Beutel v Beutel*, 55 NY2d 957; *Stacom v Wunsch*, 162 AD2d 170, *lv dismissed* 77 NY2d 873). Nor can it be challenged on the basis of the changes that were made between its signing first by plaintiff and then by defendant, such changes having been concededly made at defendant's insistence and for his own benefit (*see, Matisoff v Dobi*, 228 AD2d 200). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.