OPINION OF THE COURT
Dominic R. Massaro, J.
The question interposed during this hearing is whether an *879 expert should be exempted from the general rule of excluding witnesses from the courtroom. In the context of essentiality, such an expert should be so exempted.
Factual Background
Under indictment No. 7189/96, Gary Medure, Vincent Ciardello, John Carlatone and Linda Russoti are charged with multiple counts of promoting gambling in the first degree (Penal Law § 225.10 [1]) and possession of gambling records in the first degree (Penal Law § 225.20 [1]). The indictment is based, in part, on evidence derived from the electronic monitoring of various telephone lines allegedly utilized by them at different locations over a period of time in furtherance of an illegal bookmaking enterprise.
In granting defendants’ request for the within hearing to consider the underlying issue of whether the evidence obtained as a result of the use of a “pen register” should be suppressed (see, People v Bialostok, 80 NY2d 738 [1993]), the court must first determine if the pen registers here utilized, as maintained by defendants, were in fact fully operational “eavesdropping” devices. If so, this could constitute investigatory intrusion into defendants’ legitimate expectation of privacy.
Specialized Knowledge
A “pen register” is a “device which records or decodes electronic or other impulses which identify the numbers dialed or otherwise transmitted on the telephone line to which such device is attached” (CPL 705.00 [1]). In the relevant statutory scheme, the police are required to obtain an order based on reasonable suspicion before they can install such a register (see, CPL 705.10). By way of contrast, before the police can install “eavesdropping” equipment they must obtain a warrant based on the more demanding standard of probable cause (see, CPL 700.15). “ ‘Eavesdropping’ means ‘wiretapping’ [or] ‘mechanical overhearing of conversation’ * * * as those terms are defined in section 250.00 of the penal law” (CPL 700.05 [1]). “Wiretapping” is defined, in relevant part, as “intentional overhearing or recording of a telephone * * * communication” (Penal Law § 250.00 [1]).
In this case, the Bronx District Attorney acquired three pen register orders for four telephone lines and, in furtherance thereof, installed equipment on each line to identify the numbers dialed on the lines and other information. The equip *880 ment, manufactured by Voice Identification, Inc., consists of a “dialed number recorder”, a device resembling a laptop computer, and a “slave”, a device about the size of a cigarette box.* Whether this equipment constitutes a pen register, requiring only an order based on reasonable suspicion, or is actually an eavesdropping device, requiring a warrant based on probable cause, is to be decided on another day. The nature of the pen register(s) — its function, engineering components and technological capabilities — is central to said decision. Only expert testimony is adequate to appropriate consideration, a fact not lost on either the People or the defense, both having indicated their intention to bring forth expert witnesses. Defendants now move the court to permit their expert witness to remain in the courtroom during the testimony of the People’s expert witness; the People oppose.
Sequestration of Witnesses
A motion for exclusion of witnesses is addressed to the sound discretion of the court (Levine v Levine, 56 NY2d 42 [1982]). Since New York has no controlling statute, it seems always to have been so treated (see, People v Cooke, 292 NY 185 [1944]; People v Green, 1 Parker Cr Rep 11 [1845]). This is one way in which New York practice differs from its Federal counterpart (cf., Fed Rules Evid, rule 615 [3]). Ordinarily, exclusion should not be denied (People v Felder, 39 AD2d 373 [2d Dept 1972], affd 32 NY2d 747, appeal dismissed 414 US 948 [1973], rearg denied 39 NY2d 743 [1976]; Prince, Richardson on Evidence § 6-203 [Farrell 11th ed]).
“The process of sequestration consists merely in preventing one prospective witness from being taught by hearing another’s testimony * * *
“If the hearing of an opposing witness were permitted, the listening witness could thus ascertain the precise points of difference between their testimonies, and could shape his own testimony to better advantage for his cause” (6 Wigmore, Evidence § 1838, at 461 [Chadbourn rev 1976]; see also, People v Mitchell (224 AD2d 551 [2d Dept 1996]).
A cross-examiner will thus find it more difficult to expose inconsistencies, inaccuracies and falsehoods with respect to a witness who has heard another’s testimony.
While the Federal Rules of Evidence provide that a fact witness must be excluded on the request of a party as a matter of *881 right, an expert witness, that is “a person whose presence is shown * * * to be essential” may not be so excluded (Fed Rules Evid, rule 615 [3]). Moreover, the Federal Rules of Evidence provide that an expert may base his opinion on facts or data obtained “at or before the hearing” (Fed Rules Evid rule 703; see also, Mayo v Tri-Bell Indus., 787 F2d 1007 [5th Cir 1986]). This permits expert witnesses to base opinions on the testimony of other witnesses. “Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury” (Morvant v Construction Aggregates, Corp., 570 F2d 626, 629 [6th Cir 1978], cert dismissed 439 US 801 [1978]; see also, United States v Kosko, 870 F2d 162 [4th Cir 1989]). Thus, it has been held that the presence in the courtroom of one who is “not a fact witness whose recollection might have been colored by accounts of prior witnesses * * * [makes for] no prejudice” (Trans World Metals v Southwire, 769 F2d 902, 911 [2d Cir 1985]).
The Proposed New York Code of Evidence (1991-1992) seeks to parallel the Federal rule(s). Its adoption would see exclusion as mandatory on the request of a party, but prohibit exclusion of “a person whose presence the court determines to be necessary to assist the attorney or the party * * * in the presentation of a party’s cause” (Proposed NY Code of Evidence § 615 [c]).
Conclusion
Under present New York law, a court is authorized to exclude witnesses subject to certain exceptions not otherwise pertinent (see, Prince, Richardson on Evidence § 6-204 [Farrell 11th ed]); the issuance of an order of exclusion is committed to the discretion of the court and is not demandable as of right (see, Levine v Levine, supra; Fisch, New York Evidence § 347 [2d ed 1977]). Sound discretion appears the better practice: even an “essential” expert can learn partiality in the courtroom.
In People v Santana (80 NY2d 92 [1992]), our Court of Appeals distinguished “witnesses to the events or facts in dispute” as interfering with “the truth-seeking function of the trial process” and “expert witnesses * * * exempted from * * * exclusion” (at 100; see also, People v Sayavong, 83 NY2d 702 [1994] [exclusion proper to preserve truth-seeking function of court]).
*882 It follows that the party opposing exclusion shoulders the burden of convincing the court, first, that a particular witness is essential and, second, that his presence will not prejudice the party opposed to his presence in the courtroom. Here it has been made clear to the court that without the assistance of an expert at elbow to advise in connection with highly specialized matters, to assist in preparation for the cross-examination of the State’s expert and, finally, to provide the court with meaningful opinion testimony limited to and specifically based upon the People’s evidence, the risk of an inaccurate assessment of the pen registers by the trier of fact is not minimal. Surely, then, the search for truth can only be enhanced by the defense expert’s presence. On the contrary, to make defendants in this case undertake the crucial task of cross-examination on matters of intricate complexity and advanced technical sophistication, sans consultation with their expert, will not only put them at disadvantage but will not beneficially assist the court to the level it feels necessary. Exemption from exclusion thus appears warranted in the circumstances of this case.

 The equipment at hand is a Voice Identification LAM-840T Dialed Number Recorder(s) and a 450 NA Slave Connector(s).