■ MICHAEL CHAIT, Respondent, v JEAN CHAIT, Appellant. [681 NYS2d 269] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about July 10, 1997, which granted plaintiff's motion to confirm a Special Referee's report finding that the extension of the parties' prenuptial agreement was voidable by plaintiff because he signed it under duress, and denied defendant's cross motion to reject the report, unanimously affirmed, with costs.

The Special Referee's finding of duress has support in the record (*see, Freedman v Freedman*, 211 AD2d 580), including, in particular, the evidence that defendant repeatedly threatened to take the parties' child away from plaintiff if he did not sign the extension, a threat she had the means to carry out by resort to her family's considerable wealth. That plaintiff consulted with two attorneys on the day he signed the agreement does not necessarily negate his claim of duress (*compare, Terio v Terio*, 150 AD2d 675, *with Costanza v Costanza*, 199 AD2d 988, 989-990). Concerning those consultations, in view of the prior unappealed order quashing defendant's subpoenas to take the depositions of plaintiff's attorneys, we decline to reach the issue of whether it was error to hold that plaintiff did not waive his attorney-client privilege (*see, Haibi v Haibi*, 171 AD2d 842, 843). In any event, it is clear that plaintiff did not place the subject matter of the communications in issue, and therefore did not waive the privilege (*compare, Paruch v Paruch*, 140 AD2d 418, 421). We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE TELFAIR, Appellant. [681 NYS2d 755] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered March 13, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a determinate term of 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the court's finding that defendant voluntarily walked up to the unmarked police van, with a pistol in his waistband, the butt of which became clearly recognizable to the officer as defendant drew close to the van. This observation permitted the police to restrain defendant and seize the weapon. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.