■ CALOGERO LOGIUDICE, Respondent, v ADELE LOGIUDICE, Appellant. [889 NYS2d 164]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered March 3, 2009, which denied defendant's motion to rescind a stipulation of settlement, unanimously affirmed, without costs.

The courts "encourage[ ] property settlements through stipulation and will exercise judicial review sparingly" (*Lockhart v Lockhart*, 159 AD2d 283 [1990]). Because of the fiduciary relationship between husband and wife, separation agreements may be set aside "under circumstances that would be insufficient to nullify an ordinary contract" (*Levine v Levine*, 56 NY2d 42, 47 [1982]). Nonetheless, efforts to set aside such agreements will be subject to a " 'far more searching scrutiny' " and will be "less likely to prevail where the party had the benefit of independent representation during the negotiation and execution of the agreement" (*id.* at 48 [citations omitted]).

Defendant asserts that the stipulation should be set aside on the grounds of duress, overreaching, and unconscionability. However, the stipulation at issue was negotiated and executed

by the parties' counsel, before a special referee, and in none of defendant's submissions is there any allegation that plaintiff demanded that she sign the stipulation, that he insisted on any particular financial provision, or that he made any other demand relating to the divorce proceedings. Defendant's assertions that she lacked the mental capacity to enter into the stipulation (*see Blatt v Manhattan Med. Group*, 131 AD2d 48, 51-52 [1987]) were not advanced below, hence are unpreserved on this appeal (*Levi v Levi*, 46 AD3d 520, 521 [2007], *lv dismissed* 10 NY3d 882 [2008]; *State of N.Y. Higher Educ. Servs. Corp. v Sferrazza*, 84 AD2d 874, 875 [1981]), and belied by the record.

An unconscionable agreement is one which no person in his or her senses and not under delusion would make on the one hand, and which no honest and fair person would accept on the other (*Christian v Christian*, 42 NY2d 63, 71 [1977]; *McCaughey v McCaughey*, 205 AD2d 330, 331 [1994]). The stipulation provided for defendant to receive approximately 60% of the marital assets, as well as exclusive possession of the marital residence, and made no provision for payment of maintenance. The parties had been married for 42 years. Plaintiff was 76 years old and had been retired for 15 years. Defendant was 61 years old and was still employed as a legal secretary. Under these circumstances, the stipulation was not so "manifestly unjust" as to require it to be set aside as unconscionable (*Santini v Robinson*, 57 AD3d 877, 880 [2008]).

Likewise, because the stipulation was not unfair on its face, it should not be set aside for overreaching (*see Levine*, 56 NY2d at 48-49). As noted, the parties were each represented by counsel during the negotiation and execution of the agreement (*see id.* at 48). Concur—Friedman, J.P., Moskowitz, Freedman and Abdus-Salaam, JJ.