Louis L. Friedman, J.
Defendant moves, pursuant to section 1451 of the Civil Practice Act, to stay this breach of contract action until arbitration has been had in accordance with the terms of a contract entered into between the parties.
The contract in question, in which it is claimed the arbitration provision exists, is one for separation of the parties as husband and wife, and provides, among other things, that the defendant husband shall pay to the plaintiff wife $75 per week for her support and maintenance and the additional sum of $25 per week on account of an acknowledged debt to her in the sum of $20,000. In addition to these payments it is provided that the defendant shall pay to plaintiff 25% of any increase in the annual net profit of the defendant’s business and 25% of the annual income earned by the defendant from other sources. Paragraph eleventh of the agreement provides that ‘1 In the event any dispute or misunderstanding arises out of or in connection with this agreement, recourse shall be had to arbitration * * * If there is recourse to arbitration * * * the costs thereof are to be borne by the party against whom the award is made. However, should there be any application for reduction in payments due the wife under this agreement, the husband shall pay all costs.”
The defendant made the payments in accordance with the agreement until May 24, 1957, but since said date it is alleged that he has failed to make the weekly payments towards the reduction of the debt.
Defendant asserts that a dispute has arisen with respect to the defendant’s capacity to make the payments; that pursuant to the agreement he is entitled to a re-examination of the payments in the event of a change in his financial circumstances and accordingly he has served notice of intention to conduct *663 an arbitration. Plaintiff asserts that it was the parties’ intention to keep the total weekly payment fixed at a minimum of $100 without any right by the defendant to demand any reduction in the said amount; that it was intended that the provision for arbitration shall apply only in the event that an increase above the $100 weekly has been paid, and a reduction in such increase should thereafter be sought.
The jurisdiction to direct arbitration springs from the agreement, and must be fairly construed (Matter of International Assn. of Machinists [Cutler-Hammer], 271 App. Div. 917, affd. 297 N. Y. 519; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76). Although the parties agree that the last sentence of paragraph eleventh makes provision for arbitration, when a demand is made for a reduction in payments, it is clear from the papers before the court that it was never the intention of the parties that the reduction was ever to be below the fixed sum of $100 a week.
Accordingly, the application for a stay pending arbitration is denied and the stay contained in the order to show cause herein is vacated.
Settle order on notice.