In the Matter of the Arbitration between Agora Development Corporation et al., Appellants, and Bruno E. Low et al., Respondents.

First Department, July 2, 1963.

*Jacob L. Isaacs* of counsel (*Henry W. Lauterstein* with him on the brief; *Lauterstein & Lauterstein,* attorneys), for appellants.

*Paul B. Bergins* of counsel (*Nathan Shapiro,* attorney), for respondents.

*Per. Curiam.* The petitioner, Agora Development Corporation, owned a parcel of land in the City of New Rochelle, and its subsidiary owned a contract to acquire an additional tract. In regard to this property petitioner entered into two agreements with respondents. By the terms of the first respondents were to purchase the property and to erect thereon a shopping center. The second agreement provides that when the shopping center is erected the property is to be leased back to the petitioner. The purchase agreement provides for the construction of 735,000 square feet of store space and further provides that the maximum mortgage to be placed on the property is to be $17,000,000, and is not to require more than 8% thereof for annual interest and amortization. Both agreements contain an arbitration clause reading: "Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration". Respondents contend that there was construction in addition to the 735,000 square feet provided for in the agreements, and that mortgages in the total sum of $22,500,000 have been placed on the property. The excess of the mortgage

liens over the amount provided in the lease is claimed to have been necessitated by the additional construction.

Certain disputes arose between the parties and the petitioners demanded arbitration. Respondents answered and also demanded arbitration of additional disputes. Petitioners object to one item, item III, of respondents' demand upon the ground that the question is not arbitrable. By this demand respondents seek to have the arbitrators increase the limits of the financing provisions of the purchase agreement and the rental under the lease agreement.

Reformation of a contract to conform to the original agreement between the parties or to give effect to a novation is a claim arising out of the contract and hence arbitrable. And if that were the relief sought in the arbitration it would be proper (*Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76). But this is not what respondents seek. Here no claim is made that the written instruments fail to represent the original agreements between the parties, nor is it alleged that the parties, either by word or conduct, reached a new agreement to supersede the written instruments. And no issue looking to appropriate relief is proposed to be submitted to the arbitrators. What is proposed is whether the additional construction warrants new terms and, if it does, the fixation of those terms by the arbitrators. That is not a claim arising out of the contract but rather the making of a new contract, not made by the parties but to be made for them by the arbitrators. The parties never agreed to any such procedure, and neither can they be compelled to resort to it. (*Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 N. Y. 288.)

While it might be said that the affidavits present an arbitrable issue on the question of modification, the scope of the arbitrators' jurisdiction must be determined by the items of the demand.

The order should be modified, on the law and on the facts, to stay arbitration on item III of respondents' demand, with leave to respondents, if so advised, to serve a further demand in accordance with this opinion, and, as so modified, affirmed, without costs.

BREITEL, J. P., RABIN, McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on April 4, 1963, unanimously modified, on the law and on the facts, to stay arbitration on item III of respondents' demand, with leave to respondents, if so advised, to serve a further demand in accordance with the opinion of this court filed herein, and, as so modified, affirmed, without costs.