█ In the Matter of the Arbitration between VINCENT J. SMITH, INC., Appellant, and B. W. LAURI TRUCKING, INC., Respondent.— Appeal from an order of the Supreme Court which denied a motion for a stay of arbitration. The case involves a dispute between the general contractor on a very large building construction project and a subcontractor. Between the two was a complicated, lengthy and detailed written contract. Specified therein is an item which provides that the subcontractor will be paid $30 per cubic yard for rock excavation in "trench and footings" and $20 per cubic yard for "mass rock excavation". The fact that the provision fixing $20 per cubic yard for mass rock excavation was inked with pen in an otherwise printed contract is of no consequence, because concededly the "inked in" provision was initialed in the

margin opposite it by a responsible official for both parties. The contract contained a broad arbitration clause as to disputes under the contract, but, of course, did not consent to arbitration to reform, remake or change it. The contract also contained a provision that all prior negotiations, oral or otherwise, are superseded by the written contract when executed, and "No modification of this Agreement shall be binding unless the same is in writing signed by the Contractor and Subcontractor." The demand for arbitration, so far as this appeal is concerned, lists as the nature of the dispute, "Reform contract re mass rock unit price." The only question before us is whether such a dispute is arbitrable. No case has been cited which goes this far, and cases dealing generally with arbitration are of little help. Arbitration cannot change $20 to $30 when the written contract clearly provides for $20 without going completely outside the contract signed by both parties and relying upon oral testimony relating to prior negotiations and subsequent alleged "understandings". If arbitration can result in "reforming" or changing the terms of the contract itself there would be no need of having one in the first place. Order reversed, with $10 costs, and motion granted. Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur; Herlihy, J., dissents and votes to affirm on the authority of *Matter of Exercycle (Maratta)* (9 N Y 2d 329, 334–335).