■  In the Matter of the Arbitration between GLENWOOD JEWISH CENTER, Appellant, and MARARD CATERERS, INC., Respondent.— Judgment, Supreme Court, New York County, entered on October 7, 1971, so far, as it denied petitioner's motion for a stay of arbitration as to items 4, 5 and 10 of the demand for arbitration, unanimously reversed, on the law, and arbitration stayed as to items 4, 5 and 10 of the demand for arbitration, without costs and without disbursements.  Under items 4 and 5 respondent seeks a reduction in the percentage of the electric bills specified in the agreement to be paid by it.  Under item 10 respondent seeks a downward revision of the license fees required to be paid by it to appellant.  The agreement specifically provides that respondent is to pay "40% of all electricity charges for

the entire premises of the Center." With respect to item 10, the agreement provides for specified license fees and for revision on specific dates based upon a prescribed formula. Arbitrators cannot change the 40% to any other figure, nor can they reduce the license fees without going completely outside of, or "reforming", or changing the contract itself. This they may not do without exceeding their powers. (*Matter of Vincent J. Smith, Inc.* [*Lauri Trucking*], 19 A D 2d 763; *Matter of Agara Development Corp.* [*Low*], 19 A D 2d 126.) Concur — Stevens, P. J., Nunez, Murphy, McNally and Eager, JJ.