■ STEWART-SCOTT CONSTRUCTION CORPORATION, Respondent, v. F. & M. SCHAEFER BREWING CO., Appellant.— Appeal from an order of Special Term, entered May 10, 1972 in Albany County, which denied the defendant's motion to dismiss the complaint. On September 29, 1969 the respondent, Stewart-

Scott Construction Corporation, entered into a contract with the F. & M. Schaefer Brewing Company under the terms of which the respondent company was to construct a building on appellant's property for the sum of $627,500. The respondent alleges that unforeseeable, unknown and unusual conditions existed below the surface of the construction site and that, as a result thereof, substantial additional work had to be performed. As a consequence, the respondent was unable to complete the construction and appellant took possession of the site, completed the construction and terminated its contract with the respondent. It appears that, as of the termination of the contract, respondent had incurred total expenses of $824,000. This expense amounted to $241,515 in excess of the funds it had received from the appellant. Of this amount, $186,000 represented amounts due to approximately 40 materialmen and subcontractors and the balance, $55,515 represented funds expended by respondent in excess of its receipts from Schaefer. After the termination of the contract by the appellant, respondent filed a mechanic's lien upon the subject property for the moneys due under the contract plus the additional expenditures required as a result of the subsurface conditions. Thereafter, Albany Ladder Company, Inc., and Clemente Bros., Inc., commenced a foreclosure action with respect to liens they had filed, as well as the lien of respondent and others. In the foreclosure lien action, wherein appellant and respondent were named as defendants, respondent cross-claimed against appellant for foreclosure of its lien. In October of 1971 respondent commenced this action for the reformation of the construction contract to provide for payment on a *quantum meruit* basis for the extra work incurred. Respondent's theory is that the unusual, unforeseeable and unknown conditions constitute a mutual mistake by the parties to the contract or, in the alternative, a unilateral mistake on the part of respondent, coupled with undisclosed and withheld knowledge by the appellant. After commencement of this action, appellant moved to dismiss the complaint on the grounds that: (1) the defense to the causes of action alleged in the complaint are founded upon documentary evidence which requires said matters to be arbitrated, (2) that the complaint fails to state a cause of action, (3) that the contract upon which the action is founded is unenforceable under the provisions of the Statute of Frauds, and (4) there is another action pending between the parties. The motion was, in all respects, denied by Special Term. Section 10.161 of the contract between the parties provides that: " If the parties are unable to effect an amicable settlement or adjustment of any controversy, claim or dispute in connection with or relating to any other claim or dispute arising under this Agreement, such claim or dispute shall be submitted to and settled by arbitration ". Paragraph 15 of the complaint in this action recites that " As a result of these [unknown] conditions, [respondent] incurred the following extra [expenses] * * * none of which were contemplated or anticipated or included within the contract between [respondent] and [appellant] dated September 29, 1969 ". It is apparent that the claims of the respondent are for work allegedly performed outside of the contract, are not matters arising under the agreement and, as such, are not arbitrable (see *Matter of Agora Development Corp.* [*Low*], 19 A D 2d 126; *Matter of Vincent J. Smith, Inc.* [*Lauri Trucking*], 19 A D 2d 763). As to defendant's second ground for dismissal, it is clear that the complaint seeks reformation of the contract and, as such, does state a cause of action. (*Brandwein* v. *Provident Mut. Life Ins. Co. of Phila.*, 3 N Y 2d 491.) As to appellant's third ground for dismissal, the Statute of Frauds does not bar an action for the reformation of a written contract (*Brandwein* v. *Provident Mut. Life Ins. Co. of Phila., supra*). As to the

appellant's fourth ground for dismissal, it is clear that the causes of action in this action are for substantially the same relief and involve the same subject matter as the cross claim of the respondent against the appellant in the lien foreclosure action. Accordingly, this action should be consolidated with the lien foreclosure action (CPLR 3211, subd. [a], par. 4). Order modified, on the law and the facts, to the extent of providing for consolidation of this action with the lien foreclosure action, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.