■ In the Matter of the Arbitration between SCM CORPORATION, Appellant, and FISHER PARK LANE COMPANY, Respondent.—Order and judgment Supreme Court, New York County, entered on April 12, 1976, dismissing the petition herein by which appellant sought to stay arbitration with respect to the fifth defense asserted in respondent's answer in the pending arbitration proceeding, unanimously reversed, on the law and petition granted, with $40 costs and disbursements to appellant. Section 2.02 of the lease agreement between the parties provides that petitioner is to pay 17.73% of respondent's increased electricity expenses and, in accordance therewith, respondent has, since 1970, annually billed petitioner for 17.73% of increased electricity costs and has accepted, without protest, petitioner's payments of such billings. By the fifth defense in its answer, which was served about two years after petitioner had commenced arbitration and six days prior to the first preliminary hearing in the arbitration proceedings, respondent contends that the 17.73% figure should be changed to 24.98%. The fifth defense is barred by the six-year Statute of Limitations, provided for in CPLR 213 (subd 1) and, in any event, is not arbitrable since it, in reality, seeks reformation. "Arbitrators cannot change the * * *% to any other figure * * * without going completely outside of, or 'reforming', or changing the contract itself. This they may not do without exceeding their powers. [Citing cases.]" *(Matter of Glenwood Jewish Center [Marard Caterers],* 39 AD2d 536, 537; see, also, *Matter of Vincent J. Smith, Inc., [Lauri Trucking],* 19 AD2d 763.) A court may not, under the guise of interpretation, make a new contract for the parties. Nor may it interpret the terms originally agreed upon so as to contradict those clearly expressed in the agreement. *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386–387.) Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.