Fuchsberg, J.
(concurring). I too vote for affirmance; however, I cannot concur with the majority’s suggestion that reformation is an arbitral issue.
With the exception of a contrary dictum contained in Matter of Agora Development Corp. (Low) (19 AD2d 126), and a Federal case relying upon the dictum (American Home Assur. Co. v American Fid. & Cas. Co., 356 F2d 690), the courts of this State have consistently held that unless the parties confer the authority upon him, an arbitrator lacks power to reform or change the contract itself (Stewart-Scott Constr. Co. v Schaefer Brewing Co., 41 AD2d 788; Matter of Glenwood Jewish Center [Marard Caterers], 39 AD2d 536; Matter of Vincent J. Smith, Inc. [Lauri Trucking Co.], 19 AD2d 763; Matter of Marlowe Mills [Sachs], NYLJ, Nov. 8, 1971, p 2, col 5; Escambia Chem. Corp. v Leonard, NYLJ, Aug. 1, 1966, p 8, col 3; but cf. Swartz v Swartz, 49 AD2d 254).
These decisions, involving arbitration clauses broader than those in the case before us, are based upon the settled rule "that a party may not be required to submit to arbitration matters which he has not agreed to arbitrate” (Matter of Macy & Co. [National Sleep Prods.], 39 NY2d 268, 270). Manifestly, it violates this fundamental principle to suggest, as the majority does, that SCM by agreeing to arbitrate one aspect of potential disputes that might arise between the parties, i.e., those arising out of the explicit escalation provisions, also agreed to confer upon the arbitrator authority to *795 rewrite the contract. "It is not the function of an arbitrator * * * to decide in what respects the contract in question should be modified * * * Contract modifications are not traditionally matters for arbitration” (City Elec. v Local Union 77, Int. Brotherhood of Elec. Workers, 517 F2d 616, 619, cert den 423 US 894).
Moreover, reliance upon prior decisions of this court holding that arbitrators may "fashion the remedy appropriate to the wrong” (e.g., Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 677) begs the question of whether the claim to be arbitrated is within the scope of the arbitration clause. Only if the claim is encompassed by the clause do the arbitrators have discretion to grant the relief they deem proper. Thus, rule 42 of the American Arbitration Association provides that the arbitrator may "grant any remedy or relief which he deems just and equitable and within the scope of the agreement” (Emphasis supplied; cf. Matter of De Laurentiis [Cinematograficade las Americas, S. A., 9 NY2d 503, 510.)
"[G]iven the eminently desirable freedom from-judicial overview of law and facts” prevailing in arbitration, the caution against making the proceedings a "trap for the unwary”, recently expressed by this court in holding that arbitrators lack the power to award punitive damages (Garrity v Lyle Stuart, Inc., 40 NY2d 354, 359), is equally applicable here. The power of reformation would likewise "mean that the scope of determination by arbitrators * * * would be both unpredictable and uncontrollable”.
Accordingly, I concur in the result reached by the majority.