JOHN V. BOWMER, Appellant-Respondent, v DOROTHY B. BOW-
MER, Respondent-Appellant.

First Department, March 22, 1979

APPEARANCES OF COUNSEL

*Theodore Sternklar* of counsel *(Robert N. Chan* with him on

the brief; *Gottlieb Schiff Ticktin Fabricant & Sternklar, P. C.,* attorneys), for respondent-appellant.

*Paul J. Goldberg* of counsel *(Michael F. Fitzgerald* with him on the brief; *Kissam, Halpin & Genovese,* attorneys), for appellant-respondent.

### OPINION OF THE COURT

MURPHY, P. J.

The parties were married on September 23, 1955. On April 4, 1972, they signed a separation agreement which, *inter alia,* provided for the petitioner's payment of alimony pursuant to certain agreed formulae. To the extent here relevant, paragraph 17 of the separation agreement provides: "17. Any claim, dispute or misunderstanding arising out of or in connection with this Agreement, or any breach hereof, or any default in payment by the Husband, or any matter herein made the subject matter of arbitration, shall be arbitrated by the parties before some qualified person acceptable to both of them".

Certain matters covered by the separation agreement were specifically made subject to arbitration. For example, the petitioner's financial ability to pay the college tuition of the children (par 6[d]) and his obligation to pay cost of living increases (par 6[e][iii]) were, in the event of dispute, referable to arbitration. On September 19, 1973, the petitioner obtained a judgment of divorce that provided that the separation agreement was to be incorporated but not merged in the judgment.

Upon the original motion brought at Special Term, the court, *inter alia,* denied the branch of the petition to compel arbitration with regard to the petitioner's claim that the alimony payments should be modified downward because of his changed financial circumstances. However, the court later granted reargument, and upon reargument, it modified its original decision by directing that the "downward modification" issue also be arbitrated. The sole question presented upon appeal is whether that issue was properly referred to arbitration.

An agreement to arbitrate must be express, direct, and unequivocal as to the issues or disputes to be submitted to arbitration *(Gangel v DeGroot,* 41 NY2d 840, 841). While the arbitration clause under discussion is drawn in broad terms, it

clearly does not give the arbitrator the power to reduce alimony payments or otherwise change the terms of the separation agreement. This reading of the agreement is further strengthened by the parties' failure to make "downward modification" of alimony the specific subject of arbitration as was done with many other critical matters. Stated differently, the petitioner's claim for "downward modification" does not arise (1) out of, or (2) in connection with, or (3) as a result of any breach of the separation agreement *(Matter of Agora Dev. Corp. [Low]*, 19 AD2d 126, 127).

Special Term's reliance upon *Matter of SCM Corp. (Fisher Park Lane Co.)* (40 NY2d 788) was misplaced. The *SCM Corp.* case, insofar as pertinent to this discussion, stands for the proposition that an arbitrator has the power to reform an agreement where there has been a mutual mistake of fact in drafting a contract (40 NY2d, at p 793; 6 NY Jur, Cancellation of Instruments, § 22). The petitioner does not ask that this agreement merely be reformed; he asks that it be rewritten. *(Matter of Agora Dev. Corp. [Low], supra.)* Petitioner does not maintain that the parties did not correctly express their agreement in writing; he maintains that his financial position has changed after the agreement was accurately drafted and executed.

 A Judge does not have the power to rewrite the agreed terms of alimony set forth in a separation agreement *(Mc-Mains v McMains,* 15 NY2d 283, 287). A fortiori, absent a specific grant from the parties, an arbitrator does not have the power to modify those same terms downward. *(Matter of Glenwood Jewish Center [Marard Caterers],* 39 AD2d 536; *Braverman v Braverman,* 9 Misc 2d 661.) Although the Fourth Department's opinion in *Swartz v Swartz* (49 AD2d 254) would appear to support Special Term's determination, we reach a different conclusion for the reasons stated.

Since the "downward modification" issue was improperly referred to arbitration, the order of the Supreme Court, New York County (MARTIN EVANS, J.), entered September 29, 1978, which granted reargument and, upon reargument, modified the prior order, entered July 12, 1978, by referring the "downward modification" issue to arbitration, should be modified, on the law, so that on reargument, the prior determination is adhered to, and, as modified, the order should be affirmed, without costs.

SANDLER, SULLIVAN, MARKEWICH and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on September 29, 1978, modified, on the law, so that on reargument, the prior determination is adhered to, and, as modified, the order is affirmed, without costs and without disbursements.