■ DENIS POTVIN, Appellant, v DEBORAH POTVIN, Respondent. — In a matrimonial action, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated May 24, 1982, which denied his motion for summary judgment, and (2) from so much of a further order of the same court, dated July 12, 1982, as (a) upon reargument, adhered to its original determination and (b) denied plaintiff's motion for a protective order striking defendant's notice to take plaintiff's deposition upon oral questions. Appeal from the order dated May 24, 1982 dismissed, without costs or disbursements. That order was superseded by the order dated July 12, 1982, made upon reargument. Order dated July 12, 1982, modified, on the law and as a matter of discretion in the interest of justice, by granting that branch of plaintiff's motion which sought a protective order to the extent of striking so much of the

defendant's notice to depose as requests information regarding plaintiff's present financial condition, by limiting the scope of that deposition to the financial condition of the plaintiff at the time of the execution of the parties' separation agreement, and by limiting the items to be produced pursuant to the rider annexed to defendant's notice to depose to such items concerning the three-year period preceding the execution of the separation agreement. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The existence of triable issues of fact regarding, *inter alia,* the validity of the entire separation agreement and the length of the parties' separation prior to the institution of this lawsuit precludes the entry of summary judgment in this action for a conversion divorce (Domestic Relations Law, § 170, subd [6]; *Angeloff v Angeloff,* 56 NY2d 982). To this extent we agree with the determination at Special Term. However, so much of defendant's notice to take plaintiff's oral deposition as requests information regarding his present financial condition is premature. Plaintiff's present financial circumstances are not relevant to the defendant's claim, *inter alia,* that she was deceived regarding the true extent of her husband's income at the time that the separation agreement was entered into and will not become an issue unless and until the separation agreement or its support provisions have been vacated or set aside on the grounds of fraud, duress or overreaching, etc. (see *Milts v Milts,* 87 AD2d 779; *Picotte v Picotte,* 82 AD2d 983, 984, app dsmd 55 NY2d 748, mot for lv to app dsmd 55 NY2d 847; *Gleeson v Gleeson,* 69 AD2d 964, mot for lv to app dsmd 47 NY2d 951). Defendant's demand, made in the rider to the notice of deposition served upon plaintiff, to produce certain documents at the deposition was overbroad and accordingly we now limit it to those documents concerning the three-year period preceding the execution of the separation agreement. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.