OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
This is an action in which the plaintiff, Carmela Sansanelli, seeks a divorce and related matrimonial relief against the defendant. Plaintiffs Nicholas Santelli and Josephine Santelli are Carmela Sansanelli’s parents and are suing for necessaries. On this motion plaintiff Carmela Sansanelli seeks an order directing the defendant to provide answers to certain interrogatories with respect to his financial condition. The defendant opposes this application, arguing that there is in full force and effect a valid separation agreement executed between the parties in April, 1978. He urges that unless and until the agreement is set aside, financial disclosure is not an issue, and relies upon Potvin v Potvin (92 AD2d 562) in this regard.
A careful examination of the complaint demonstrates that the plaintiff, Carmela Sansanelli, is not seeking to set the agreement aside but rather to have the court set child support provisions which are greater than those called for *513 in the separation agreement. She alleges that there has been a significant increase in the defendant’s income since the execution of the agreement.
The general rule of this State is that unless and until an agreement is set aside, disclosure into a party’s present financial condition will not be permitted. (Potvin v Potvin, supra.) Initially, this court observes that with the enactment of the Equitable Distribution Law (Domestic Relations Law, § 236, part B), liberal disclosure is vital and will generally be granted in most cases. Indeed, even where a party seeks to set aside an agreement, the general rule as to nondisclosure into a party’s present financial condition is not as hard and fast as it once was. (Oberstein v Oberstein, 93 AD2d 374.) As the court indicated in Oberstein, in determining whether maintenance and support provisions of an “opting out” agreement will be enforced in a matrimonial action, a court must satisfy itself that a two-pronged test has been met: (1) that the agreement be fair and reasonable when entered into; and (2) that enforcement would not be unconscionable at the time of the entry of judgment. In Oberstein, however, where the defendant sought to set aside the financial provisions of an agreement, the court held that the plaintiff had not made a prima facie showing that the agreement warranted being set aside, but rather made mere conclusory allegations.
The position taken by the court in Oberstein is nonetheless of no assistance to the plaintiff since in Oberstein, as opposed to the instant case, the agreement was entered into after the effective date of the Equitable Distribution Law, and specifically on this point, section 236 (part B, subd 3) of the Domestic Relations Law states in pertinent part: “Nothing in this subdivision shall be deemed to affect the validity of any agreement made prior to the effective date of this subdivision.” By virtue of this language, the two-pronged test is not applicable to pre-equitable distribution agreements, which are to be governed by pre-equitable distribution standards. (Gedraitis v Gedraitis, 109 Misc 2d 420.) As stated by Alan D. Scheinkman in his 1982 Practice Commentary (McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, 1983-1984 Pocket Part, p 90, C236B:5): “the statute is neutral to such agreements — it *514 neither validates or invalidates them. All questions concerning the validity of such agreements * * * should be governed by the law as it stood on July 18, 1980.”
The facts and circumstances in this case do not fit into the mold of any of the cases cited. A careful reading of the complaint clearly indicates, as previously stated, that the plaintiff is not seeking to set aside the agreement. The plaintiff is, however, asking this court to set child support in an amount greater than provided for in the agreement between the parties. The complaint contains a cause of action for an upward modification of the child support provisions in the agreement. The fifth cause of action specifically asks the court to increase child support based upon various factors. As a general rule, the court is not empowered to change the agreement of the parties, as plaintiff seeks. (US Const, art I, § 10; Bowmer v Bowmer, 67 AD2d 8, affd 50 NY2d 288.) However, if the marriage had been terminated in 1978 based upon a pre-existing separation agreement, the plaintiff could come into court and seek an upward modification of child support based upon a significant change in circumstances. It is now well established by Brescia v Fitts (56 NY2d 132) that this court would indeed have the power to grant a modification of the support provisions of a decree based upon an agreement if the plaintiff could establish that a significant change in circumstances existed. The Brescia case recognizes that the court must always consider the best interests of the children, and that those best interests are the controlling factor, and not an agreement which the parties themselves have entered into.
In this case, the parties did not obtain a divorce in 1978, and the complaint seeks to increase child support based upon a significant change of circumstances. Is there any significant difference between a change of circumstances in those instances where the parties have obtained a divorce and the agreement survives the decree and in those instances where the parties have signed an agreement but have failed to move for a divorce for a prolonged period of time? In both instances, the court is charged with the same responsibility — the best interests of the children. Can it be that the court has a greater power to protect children *515 where a divorce has been granted than before such a court proceeding has been concluded? The Court of Appeals in both Friederwitzer v Friederwitzer (55 NY2d 89) and Brescia (supra) has clearly indicated that the courts of this State are to be concerned first and foremost with the best interests of the children and not with what the parties may agree as between themselves. It is reasonable to extend the court’s decision in Brescia to the circumstances as they exist here.
A cursory examination of the procedure outlined in Brescia (supra), Boden v Boden (42 NY2d 210) and their progeny might lead one to the conclusion that in modifying the support provisions of a judgment of divorce based upon a separation agreement the court is engaging in a subterfuge and in fact is doing nothing more than modifying the terms of the separation agreement itself. This would clearly run afoul of the constitutional prohibition against a court impairing contractual rights of individuals. (US Const, art I, § 10; Bowmer v Bowmer, 67 AD2d 8, affd 50 NY2d 288, supra.) However, the courts of this State have consistently held that such action does not constitute any impairment of contract, since the court is modifying the judgment only and the agreement remains intact as a separate legal entity upon which either party may bring a suit. (Goldman v Goldman, 282 NY 296; McMains v McMains, 15 NY2d 283.) As stated by the Court of Appeals in McMains (p 287): “In Goldman this court pointed out (p. 305) ‘that the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation.’ The Kyff and Holahan holdings (supra) apply the same idea and so reject the principal argument of our present defendant-respondent which he states thus: ‘The court may not modify a valid separation agreement incorporated in a divorce decree when such agreement is not merged in the decree.’ ”
There is therefore in fact no modification of the terms of the agreement itself. Such reasoning should also apply to the instant case where there has been no judgment but the court may be granting an initial judgment of divorce containing support provisions at odds with the separation *516 agreement. In such a case, the agreement and its contractual obligations would remain unimpaired. In reality, in ignoring the terms and provisions of the agreement with respect to child support where a divorce does not already exist, the court is, ab initio, determining the amount required for the support of the children and what is in the best interests of the children, taking into consideration all of the circumstances as they exist at the time the proceeding is tried in the courtroom. Obviously, the court will consider the amount set forth in the agreement, but if the best interests of the children and the economics of the situation require a larger amount of child support, then the court has the inherent power to grant a judgment which will make adequate provision under the circumstances as they then exist.
Accordingly, it is the determination of this court that if the plaintiff can show a significant change in circumstances between the date that the agreement was entered into and the present time, then a court may set child support provisions which are at variance with the terms of the separation agreement. Furthermore, a substantial improvement in the financial condition of a parent is one of the factors to be considered by the court, along with the additional activities of growing children, in determining whether there is a significant change in circumstances. The defendant’s financial condition is therefore relevant and discoverable in this action. The defendant is directed to serve his answers to the plaintiff’s interrogatories and a statement of net worth within 30 days after service of a copy of this order upon the attorney for the defendant.