■ STANISLAS WIECEK, Appellant, v RUTH WIECEK, Respondent. (Action No. 1.) RUTH WIECEK, Respondent, v STANISLAS WIECEK, Appellant. (Action No. 2.) — In two matrimonial actions, (1) the defendant husband in action No. 2 appeals from an order of the Supreme Court, Orange County (Coppola, J.), dated April 29, 1983, which denied his motion for a protective order against the plaintiff wife's demand for a statement of net worth, and (2) the plaintiff husband in action No. 1 appeals from an order of the same court (Ruskin, J.), dated June 2, 1983, which (a) granted the defendant wife's motion to vacate the husband's note of issue and statement of readiness and to strike action No. 1 from the Trial Calendar to the extent of staying that action pending the husband's compliance with the order of Justice Coppola, dated April 29, 1983 and made in action No. 2, and (b) denied the husband's cross motion for summary judgment striking the wife's answer in action No. 1 and awarding him a divorce upon the ground that the parties had lived separate and apart pursuant to a separation agreement for more than one year.

Order dated April 29, 1983 modified so as to provide that the husband's motion for a protective order is granted only to the extent of limiting the wife's demand for a statement of net worth to the husband's net worth on March 28, 1978, the day that the parties executed their separation agreement. As so modified, order dated April 29, 1983 affirmed.

Order dated June 2, 1983, reversed, on the law, stay of proceedings in action No. 1 vacated, motion denied, and cross motion for summary judgment granted.

The appellant is awarded one bill of costs.

By service of a summons and verified complaint, on or about July 8, 1980, the husband commenced action No. 1 for a divorce on the ground that the parties "have lived separate and apart pursuant to [a written separation agreement, executed March 28, 1978] for a period exceeding one year after [its execution]". The agreement provided for, among other things, support payments to be made to the wife; the wife's possession of the marital residence and the husband's removal therefrom; the transfer of title to an automobile from the husband to the wife; the continuation of health and disability insurance for the wife; and the husband's promise to indemnify and hold harmless the wife from any liabilities, and the like, arising from FHA notes signed by them for the family farm business, or from the operation of that business or related businesses incorporated by the appellant or operated by him. The parties also agreed, *inter alia,* that they had "divided up their personal property to their mutual satisfaction"; that, if acceptable to the court, the agreement should be incorporated, but not merged, into a final judgment of divorce; and that "upon the execution of this agreement * * * both the husband and wife agree to transfer title of the marital residence from husband and wife, as tenants in common". Finally, the wife acknowledged in the agreement that it "constitute[d] a fair, reasonable and adequate provision for her support, in lieu of and in full and final settlement and satisfaction of any and all rights that she now has or may hereafter have against the husband for her support"; and that "she has had the advice of counsel on her own, and that she is entering into this agreement voluntarily and with full knowledge of the husband's income and property".

The wife served an answer in action No. 1 by denying the allegations in the husband's complaint that he had duly performed all of the terms and conditions of the separation agreement. The wife alleged as and for a first affirmative defense that the husband "has failed to live up to the terms of the separation agreement, more particularly paragraph 'Sixth'", in that the mortgage due on the marital residence was in arrears, and

"there has been a default in mortgage and interest payments". According to the wife, the husband "has breached the terms of the separation agreement" and, consequently, "is not entitled to a divorce based upon living separate and apart, pursuant to a written separation agreement for a period in excess of one year".

Approximately two and one-half years later, the wife commenced action No. 2 by the service of a summons and complaint seeking a divorce on the grounds of adultery and cruel and inhuman treatment. Also sought was ancillary relief, including support and maintenance, equitable distribution of marital property, and a declaration that the separation agreement was null and void because of its breach by appellant and because its terms are "unjust, unfair, inequitable and overreaching".

In relevant part, the wife realleged in her complaint that the husband had violated the separation agreement "by not complying with Paragraph No. 6 of said agreement in that he has refused to pay the existing mortgage payments with interest, the taxes, the insurance, and other related expenses pursuant to said separation agreement". The wife alleged for the first time that the husband had failed to "disclose the value of his total net worth" when the agreement was executed, and that she "did not fully understand the consequences of said agreement". Also alleged for the first time was the following: "Upon information and belief, the amount of support for the [wife] is inadequate, unfair, unjust, unconscionable and a product of overreaching thereby making the separation agreement null and void as between the parties because of misrepresentation, overreaching, and the support provisions being totally inadequate under the circumstances".

The husband answered by denying the material allegations of the wife's complaint. With regard to the separation agreement, the husband, in essence, alleged that it was executed, subscribed and acknowledged according to the requirements of the law; that prior to, and at the time of its execution, each party "consulted, had the advice of and was represented by independent counsel"; that prior to, and at the time of its execution, the wife "had full knowledge of and complete access to the books and records of the [husband's] income and property"; and that the parties had lived separate and apart pursuant to the agreement for almost five years and the husband had substantially complied with and performed all of the terms and conditions of the agreement.

When the wife commenced action No. 2 she also served the husband with a demand for a statement of net worth. The demand did not specify the date for which the statement was

being sought. After answering the complaint, the husband moved for a protective order denying disclosure of net worth "upon the grounds that a valid Separation Agreement is in full force and effect, that support will not become an issue in the within divorce proceeding and that the [husband] will be put to unreasonable annoyance and expense in that the disclosure involved seeks matter which is neither material nor necessary to the prosecution of the action for divorce". The wife opposed the application, contending, *inter alia,* that the husband had never made full disclosure of his assets; that he had not substantially complied with the terms of the separation agreement; that the statement of net worth is necessary and material since her complaint "demands alimony and/or maintenance and/or equitable distribution of property"; and that the questions of alimony and support have never been meaningfully negotiated.

By order dated April 29, 1983, Special Term (Coppola, J.), denied the husband's application for a protective order, noting that the wife "has viable causes of action outstanding in regard to financial issues which require discovery and disclosure in order to be prepared for trial". The husband has appealed from this order.

By notice of motion, dated May 17, 1983, the wife moved to vacate the previously filed note of issue and to strike action No. 1 from the calendar. Alternatively, the wife moved for a stay of "any and all proceedings in [action No. 1] until the discovery proceedings are completed" in action No. 2.

By notice of cross motion dated May 24, 1983, the husband cross-moved for an order granting him summary judgment of divorce "upon the grounds that [the parties] have lived separate and apart pursuant to a written agreement of separation * * * for a period of more than one year and that [he had] substantially performed all the terms and conditions of such agreement". In his supporting affidavit, the husband alleged that the mortgage on the marital residence had been satisfied. A copy of the "Satisfaction of Mortgage", duly executed on May 9, 1983, was appended to the moving papers.

By order dated June 2, 1983 Special Term (Ruskin, J.) granted the wife's motion,

"to the extent that the trial of [action No. 1] is hereby stayed until the [husband] complies with the order of Justice Coppola dated April 29, 1983 in [action No. 2] * * *

"Under all the circumstances disclosed in the papers and in the light of the pleadings and the order of Justice Coppola it

would be an improvident exercise of discretion to grant [the husband's] cross-motion for summary judgment and, accordingly, such motion is denied."

The husband has also appealed from this order.

Based upon our review of the record, we conclude that the husband should have been granted summary judgment for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law (see *Christian v Christian,* 42 NY2d 63; *Picotte v Picotte,* 82 AD2d 983, app dsmd 55 NY2d 748, mot for lv to app dsmd 55 NY2d 847; *Russell v Russell,* 90 AD2d 516; *Wile v Wile,* 100 AD2d 932; *Stoerchle v Stoerchle,* 101 AD2d 831). First, the record adequately demonstrates that there has been substantial compliance with the terms of the separation agreement, notwithstanding the wife's claims that her husband failed to make the mortgage payments on the marital residence, and that the payments she was receiving were not support, but rather, salary. The former claim, raised in connection with the proceedings at Special Term, was resolved when the husband satisfied the mortgage. The latter claim, consistent with the wife's position prior to these appeals, concerns the validity of the agreement's support provisions rather than substantial compliance. Indeed, as much is apparently conceded by the wife's statement at page 8 of her brief on these appeals that "she receives a weekly payroll check in the sum of $139.95, which indicates that she is not being paid maintenance but merely a salary from which deductions are taken". Second, it is undisputed that the parties have been living separate and apart pursuant to the agreement for more than one year, as required by the statute. Finally, though the wife broadly challenges the validity of the separation agreement, she focuses only on those portions of the agreement which provide for her support. This circumstance does not foreclose an award of summary judgment (cf. *Potvin v Potvin,* 92 AD2d 562, 563).

With regard to the husband's motion in action No. 2 for a protective order, the wife has, in substance, alleged that her husband did not fully disclose his assets and consequently she was fraudulently induced into executing the agreement. However, her demand for a statement of net worth failed to specify the date or dates for which the statement was being sought. Special Term's order denying the appellant's motion similarly failed to include a specific date. Accordingly, the order is modified to direct that the husband provide the wife with a statement of net worth as of March 28, 1978, the date that the separation agreement was executed by the parties. The husband's current

net worth will not become relevant unless and until the challenged portions of the separation agreement have been set aside (see *Potvin v Potvin, supra*). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.