■ RICHARD C. SCHISLER, Appellant-Respondent, v KAY E. SCHISLER, Respondent-Appellant. — In a matrimonial action, the plaintiff husband appeals from (1) so much of an order of the Supreme Court, Dutchess County (Wood, J.), entered September 21, 1983, as directed "a plenary trial on all other issues including maintenance, child support and equitable distribution" of marital property, and (2) an order of the same court (Delaney, J.), dated January 26, 1984, which denied his motion for a protective order against a demand for a statement of his net worth.

Cross appeal by the defendant wife from so much of the order entered September 21, 1983 as granted the plaintiff's motion for summary judgment awarding him a conversion divorce, dismissed, without costs or disbursements, as abandoned.

Order entered September 21, 1983 modified by adding thereto a provision severing defendant's counterclaim and providing that at the plenary trial directed therein, the court shall, *inter alia,* consider the defendant's cause of action to set aside the separation agreement between the parties upon the grounds of

fraud, overreaching and lack of capacity on her part to enter into the same; and further providing that if the agreement is set aside on any of all of those grounds, only then may the court proceed to the issues of maintenance, child support and equitable distribution of marital property. As so modified, order entered September 21, 1983 affirmed insofar as appealed from by the plaintiff, without costs or disbursements.

Order dated January 26, 1984 modified by granting plaintiff's motion for a protective order to the extent of limiting the statement he is to provide in response to defendant's demand for a statement of his net worth as of March 31, 1982, the date upon which the separation agreement between the parties was executed, and denying said motion in all other respects. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to serve the statement of his net worth as of March 31, 1982, is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

By summons and complaint dated May 10, 1983, the plaintiff husband commenced this action for divorce based on the parties having resided separately for one year pursuant to a duly acknowledged separation agreement. The defendant wife answered and asserted a counterclaim, *inter alia,* for a divorce on the ground of cruel and inhuman treatment and to set aside the separation agreement on the basis of fraud, overreaching and lack of capacity on her part to enter into the same. An amended complaint was served, in which a second cause of action for a divorce on the ground of cruel and inhuman treatment was added by the plaintiff and the answer thereto reasserted the defendant's counterclaim. Plaintiff moved for summary judgment awarding him a conversion divorce and averred that he had substantially performed all the terms of a duly filed separation agreement and that the parties had lived apart for a year pursuant to that agreement. Defendant opposed the motion but did not contest the plaintiff's allegations as to his performance of the agreement. Instead, she asserted that the agreement was void *ab initio* because it was prepared by plaintiff, a lawyer, while defendant was experiencing emotional problems, she was ignorant of her rights and her husband's finances, was unrepresented by counsel, and was told that the agreement could be rescinded at any time.

Special Term granted the plaintiff's motion, but also directed a "plenary trial on all other issues, including maintenance, child support and equitable distribution". Thereafter, defendant served a demand for a net worth statement, and Special Term denied plaintiff's motion for a protective order as to that demand.

Although defendant asserts that the separation agreement was void *ab initio* due to plaintiff's fraud, overreaching and her lack of capacity, so that it may not serve as the basis for a conversion divorce (*Angeloff v Angeloff,* 56 NY2d 982), it is clear that she objects only to the monetary provisions of the agreement. Her broad challenge to the validity of the separation agreement, which focuses on its financial provisions, does not preclude the entry of summary judgment awarding plaintiff a conversion divorce since all the statutory criteria have been met (Domestic Relations Law, § 170, subd [6]; *Christian v Christian,* 42 NY2d 63; *Wiecek v Wiecek,* 104 AD2d 935). However, the defendant's counterclaim insofar as it seeks to set aside the financial provisions of the agreement should be severed, and a plenary trial on these issues should be held in due course (*Picotte v Picotte,* 82 AD2d 983, 984). If, after trial, defendant is awarded judgment setting the financial provisions of the agreement aside, then the remaining ancillary issues may be litigated. Likewise, the plaintiff's current financial status is not relevant unless or until the financial terms of the separation agreement are set aside (*Wiecek v Wiecek, supra; Potvin v Potvin,* 92 AD2d 562). However, the plaintiff's financial situation as of March 31, 1982, the date upon which the separation agreement was executed, is relevant to the issues of fraud and overreaching with respect to the separation agreement, and disclosure of his net worth as of that date is therefore warranted (*Wiecek v Wiecek, supra*). Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.