■ DIANNE SHEIL, Appellant, v KEVIN SHEIL, Respondent.— In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated November 29, 1984, which granted the defendant husband's motion for reargument of that branch of his prior motion which was for summary judgment on his counterclaim for a conversion divorce and thereupon granted the same.

Order affirmed, with costs.

"Although a separation agreement may be the basis of a conversion divorce even though substantial provisions of the agreement are unenforceable (Domestic Relations Law, § 170, subd [6]; *Christian v Christian,* 42 NY2d 63), such a divorce may not be granted if the agreement is void *ab initio* as the result of fraud, duress or incapacity" *(Angeloff v Angeloff,* 56 NY2d 982, 983-984). At bar, plaintiff's broad challenge to the validity of the entire agreement as being void *ab initio* seems to focus primarily on the financial provisions of the agreement *(see, Schisler v Schisler,* 106 AD2d 441; *Wiecek v Wiecek,* 104 AD2d 935). In any event, plaintiff's conclusory allegations of fraud, duress and lack of capacity failed to raise triable issues of fact as to the validity of the separation agreement as a whole, particularly since she was represented by counsel *(see, Wile v Wile,* 100 AD2d 932; *Davidoff v Davidoff,* 93 AD2d 805; *Russell v Russell,* 90 AD2d 516, *lv denied* 58 NY2d 605). Therefore, that branch of defendant's motion which was for summary judgment on his counterclaim for a divorce under Domestic Relations Law § 170 (6) was properly granted upon

reargument. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.