■ BEATRICE H. BOCK, Respondent, v RICHARD M. BOCK, Appellant. (Action No. 1.) RICHARD M. BOCK, Appellant, v BEATRICE H. BOCK, Respondent. (Action No. 2.)—In two matrimonial actions, the husband appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Ain, J.), dated January 11, 1985, which dismissed his cause of action for divorce on the grounds of cruel and inhuman treatment, denied him a conversion divorce, denied his application for specific enforcement of the parties' stipulation of settlement, denied his application for attorney's fees, and granted the wife's application for a judgment for arrears in support payments in the sum of $10,400 and awarded the wife attorney's fees in the amount of $2,825.

Order and judgment modified, on the law and the facts and as a matter of discretion, by (1) deleting the second decretal paragraph thereof and substituting therefor a provision granting the husband's application for specific enforcement of the provision of the parties' agreement dated February 15, 1983, by which the wife agreed to purchase his interest in certain real property located in Windham County, Vermont; (2) deleting the third decretal paragraph thereof denying the husband a conversion divorce and substituting therefor a provision granting the husband a conversion divorce, and (3) deleting the fifth decretal paragraph thereof awarding the wife attorney's fees. As so modified, order and judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended order and judgment carrying into effect the provision of the stipulation regarding the sale of the real property.

Failure to comply with such major provisions of a separation agreement as maintenance and support obligations may at times preclude a finding of substantial compliance with that agreement (see, Berman v Berman, 72 AD2d 425, 428, affd 52 NY2d 723). However, in this instance, the husband's failure to meet his support obligations was induced by his wife's failure to purchase his one-half interest in their summer home, as she agreed to do in the same separation agreement. Until the time his wife breached the agreement in this manner, the husband, in good faith, fully complied with all the agreement's provisions, including the payment of maintenance

and support. Upon such breach he immediately commenced the action for specific performance. Furthermore, at the close of trial the husband paid into the court the full amount of the support arrears. Under such circumstances, it was an improvident exercise of discretion to find that the husband had not substantially complied with the agreement and to deny him a divorce (see, Wiecek v Wiecek, 104 AD2d 935, 939).

Moreover, the separation agreement was correctly determined to be valid and the husband is entitled to enforcement of its provisions (see, Handa v Handa, 103 AD2d 794, 797). The parties had agreed that the wife would arrange to have a deed drawn up for the husband to sign at the closing; she then refused to arrange a closing. Under such circumstances, the trial court erred in concluding that the husband's failure to tender a deed precluded specific enforcement of the agreement's buy-out provision (see, Stawski v Epstein, 67 AD2d 681, 682). Furthermore, the parties had agreed upon a fair market value of the property. The amount the wife could properly deduct from the purchase price was to be documented at closing; thus, the lack of a prior agreement as to the final purchase price does not warrant the denial of enforcement of the buy-out provision.

An award of attorney's fees to either party is inappropriate under these circumstances. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.