OPINION OF THE COURT
Martin Schneier, J.
In an action for divorce based upon substantial compliance with the terms of a judgment of separation, can the plaintiff husband succeed where he has complied with nearly all of the *28 terms of the separation judgment but is in arrears in the payment of child support?
The plaintiff husband, Cecil King, commenced this action for divorce on the grounds of substantial compliance with a judgment of separation dated August 10, 1984, and living apart for more than one year pursuant to said separation judgment.
The defendant wife, Blondel King, in her answer, denies the allegations in the complaint, contends that plaintiff has not substantially complied with the terms of the judgment of separation and requests as ancillary relief an award of counsel fees.
A trial was held on these issues, at which both the plaintiff and the defendant testified.
By a fair preponderance of all the credible evidence, the court makes the following findings of fact and conclusions of law:
FINDINGS OF FACT
The parties were married on December 24, 1972 in Jamaica, West Indies. For a continuing period of at least two years immediately preceding the commencement of this action, plaintiff and defendant resided in this State.
There are three issue of the marriage, namely: Karen, born October 20, 1973; Michael, born November 15, 1974; and Cassandra, born December 16, 1977. The defendant has custody of the infant issue and the plaintiff has liberal visitation pursuant to the judgment of separation.
The judgment of separation provided for, pursuant to stipulation, inter alia, that the jointly owned marital home be deeded over by plaintiff exclusively to the defendant; that plaintiff "fix the roof and alleviate all leaks in the roof” and that said repairs commence "within thirty days”; that plaintiff pay to defendant a total sum of $100 per week for the support of the three children; that plaintiff pay for the infant Cassandra’s parochial school education; that plaintiff maintain a $30,000 life insurance policy with the children as beneficiaries; and that plaintiff pay $500 towards mortgage arrears on the marital premises.
Plaintiff has complied with all of the aforesaid enumerated terms of the separation judgment, with the exception of the provisions regarding repairs to the roof and child support.
*29 Plaintiff did not repair the roof and defendant was compelled to hire a contractor at the cost of $2,250 to repair said roof.
With respect to the issue of child support, plaintiff has made payments, however, said payments were not always timely and plaintiff has accrued arrears in child support payments of approximately $900. Previously, by order dated July 16, 1985, under docket No. F4222/85, Family Court Judge Stanley Gartenstein found, after a hearing, that plaintiff had accrued child support arrears of $600.
It is undisputed that the parties have been living separate and apart pursuant to the judgment of separation for more than one year.
CONCLUSIONS OF LAW
In order for plaintiff to succeed on his cause of action for divorce, the credible evidence must demonstrate that the plaintiff and defendant have lived apart pursuant to a judgment of separation for a period of one or more years and that plaintiff has substantially performed all of the terms and conditions of such judgment (see, Domestic Relations Law § 170 [5]; Christian v Christian, 42 NY2d 63; Wiecek v Wiecek, 104 AD2d 935 [2d Dept 1984]).
Webster’s Third New International Unabridged Dictionary (1981) defines "substantial” as "important”, "essential”.
A close examination of Domestic Relations Law § 170 (5) and (6) reveals that when the Legislature enacted said subdivisions, the identical requirement was imposed of "substantial * * * performance] with all of the terms and conditions” in regard to judgments of separation and separation agreements. While there is an abundance of case law on what is substantial performance with all of the terms and conditions of separation agreements (i.e., Berman v Berman, 72 AD2d 425 [1st Dept 1980], affd 52 NY2d 723), there is none regarding substantial performance with judgments of separation. However, in view of the identical language and intent of the Legislature, this court concludes that the case law on substantial performance of separation agreements applies equally to judgments of separation. In discussing substantial performance with a separation agreement, the court in Berman (supra, p 428) stated: "they are aimed at substantial noncompliance and nonperformance of major mandatory decretal duties imposed upon plaintiff as conditions of the separation *30 (Failla v Failla, 81 Misc 2d 959). It is with these major provisions, such as alimony and child support, that the statute requires compliance for at least one year”, and further stated (p 429): "The inclusion of the term 'substantially performed’ in the statute had a manifest purpose to insure that the essentials of the agreement were complied with. 'Substantially’ plainly intends to avoid the need to prove literal compliance. However, the major undertakings inherent in the agreement, the obligation to pay alimony and child support, are manifestly terms and conditions which are the very foundation of the agreement”, and further: "The obligation to comply with the support provisions, the essentials of the agreement, must be met in order to utilize the agreement as a basis for judicial relief. A party who disregards the essence of an agreement and his obligations under it should not be permitted to use the agreement to obtain affirmative judicial relief against the other party.” (See also, Bock v Bock, 121 AD2d 672 [2d Dept 1986].)
While the parties have lived separate and apart for at least one year since the judgment of separation, plaintiff has failed to substantially comply with the essential terms of said judgment in that he is in arrears in child support and has not repaired the roof of the marital premises.
In view of the plaintiff’s failure to substantially comply with all of the terms and provisions of the judgment of separation, defendant is entitled to a judgment dismissing plaintiff’s complaint.
Domestic Relations Law § 237 provides that an award of counsel fees may be made "as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
In order for the court to award counsel fees, proof must be adduced as to the relative financial circumstances of the parties, the nature and extent of the legal services rendered, the professional standing of counsel, amounts at stake in the litigation, the nature of the issues and the results achieved (see, McCann v Guterl, 100 AD2d 577 [2d Dept 1984]). Based upon a failure of proof as to relative financial circumstances of the parties, the nature and extent of the legal services rendered and counsel’s professional standing, defendant’s request for an award of counsel fees is denied.