■ ANGEL T. CORDERO, JR., Appellant-Respondent, v SANTA CORDERO, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated November 12, 1986, as denied his cross motion for summary judgment dismissing the defendant wife's answer and counterclaim and granting him a conversion divorce; and (2) the defendant wife cross-appeals from so much of the same order as denied her motion for summary judgment dismissing the plaintiff's complaint, to declare rescinded

and repudiated the parties' separation agreement, and to award her temporary maintenance and interim counsel fees.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's cross motion which was to dismiss those portions of the defendant's answer and counterclaim which sought to set aside the parties separation agreement and substituting therefor a provision granting that branch of the cross motion; and as so modified, the order is affirmed, without costs or disbursements.

The plaintiff seeks a conversion divorce pursuant to Domestic Relations Law § 170 (6). However, the defendant has alleged that the plaintiff has not substantially complied with the terms of the separation agreement. Upon a review of the record, we find that the defendant has raised a question of fact as to whether this is the case (see, Bock v Bock, 121 AD2d 672, lv denied 69 NY2d 611; Berman v Berman, 72 AD2d 425, affd 52 NY2d 723). Therefore, a trial on that issue is necessary.

The defendant also seeks to set aside the separation agreement because, inter alia, (1) at the time of the execution of the agreement she was under the influence of tranquilizers and lacked capacity to enter into a contract, and (2) the plaintiff's financial disclosure at the time of execution of the agreement was incomplete.

The defendant acquiesced in the agreement and accepted benefits under it for a period of time and sought to set it aside only after the plaintiff instituted this action for a conversion divorce. Under the circumstances, she ratified the agreement (see, Beutel v Beutel, 55 NY2d 957, 958; Glaser v Glaser, 127 AD2d 741).

As to the defendant's other contention, there has been no significant showing that the terms of the agreement were not reached fairly or that the agreement itself was executed as a result of the plaintiff's misrepresentation or duress. Nor does there appear to be any merit to the defendant's claim that her attorney did not fully protect her interests.

Therefore, we find no triable issues of fact so as to warrant the denial of partial summary judgment to the plaintiff on the issue of the validity of the separation agreement (see, Wile v Wile, 100 AD2d 932, 934). Mangano, J. P., Thompson and Kunzeman, JJ., concur.

Lawrence J., dissents, and votes to modify the order appealed from, on the law, by (1) deleting the provision thereof

which denied that branch of the plaintiff's cross motion which was for partial summary judgment granting him a divorce and by substituting therefor a provision granting that branch of the plaintiff's motion, and (2) deleting the provision thereof which denied that branch of the plaintiff's cross motion which was to dismiss in their entireties, those portions of the defendant's answer and counterclaim which sought to set aside the parties' separation agreement and substituting therefor a provision severing those portions of the defendant's answer and counterclaim which were to set aside the financial provisions of the parties' separation agreement, referring those issues to the trial court, and otherwise granting that branch of the motion; and as so modified, to affirm the order appealed from and to refer to the trial court, in addition to the other issues before it, the issue of any maintenance due under the parties' separation agreement, with the following memorandum: I find that the plaintiff has established his entitlement, as a matter of law, to a divorce, based upon the facts that the parties have lived separate and apart pursuant to a written separation agreement for a period of more than one year and "satisfactory proof has been submitted by [him] that he * * * has substantially performed all the terms and conditions of such agreement" (Domestic Relations Law § 170 [6]).

"Although [the] defendant asserts that the separation agreement was void *ab initio* * * * [h]er broad challenge to the validity of the separation agreement, which focuses on its financial provisions, does not preclude the entry of summary judgment awarding [the] plaintiff a conversion divorce since all the statutory criteria have been met" *(Schisler v Schisler,* 106 AD2d 441, 443). The defendant's further contentions concerning the plaintiff's alleged interference with her ownership interest in a certain horse, jointly owned by the parties, and his nonpayment of maintenance for the months of May, June, July, August, and September 1986 do not raise triable issues of fact concerning his substantial compliance with the agreement. The parties' agreement only provides that they retained and did not waive their rights, title and interest in any horse-breeding business presently conducted in their individual or joint names. Therefore, the defendant's ownership interest in any horse does not arise from the parties' separation agreement and any alleged interference by the plaintiff cannot result in a finding that he failed to comply with the agreement. Moreover, the plaintiff's nonpayment of maintenance during the five-month period in question resulted from his interpretation of certain provisions in the parties' agree-

ment relating to his obligation to pay maintenance if he should become disabled. In light of the fact that there is a clear dispute between the parties regarding these provisions in the agreement and this nonpayment of maintenance is the only purported failure on the part of the plaintiff in complying with the extensive financial and other provisions of the agreement, under the circumstances herein I find no basis for denying the plaintiff's request for a divorce, pursuant to Domestic Relations Law § 170 (6). Accordingly, that branch of the plaintiff's cross motion which was for summary judgment granting him a divorce should have been granted and the issue of any maintenance due under the parties' separation agreement should have been referred to the trial court.

Further, I find that under the circumstances, those portions of the defendant's answer and counterclaim, "insofar as [they seek] to set aside the financial provisions of the agreement should [have been] severed" and referred to the trial court (see, Schisler v Schisler, supra, at 443; see, Domestic Relations Law § 236 [B] [3]).

Finally, I agree with the Supreme Court that the defendant has not established her entitlement to temporary maintenance or interim counsel fees at this juncture of the proceeding.