■ RCI Plumbing Corp., Respondent, v Turner Towers Tenant Corp., Appellant, et al., Defendants. [58 NYS3d 923]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendant Turner Towers Tenant Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 1, 2015, as, in effect, denied those branches of its motion which were pursuant to CPLR 3211 (a) (1), (4), and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that the defendant Turner Towers Tenant Corp. (hereinafter the defendant) is not aggrieved by the order appealed from is without merit (see Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1360 [2011]; Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581 [1987]; cf. Alberi v Rossi, 117 AD2d 574 [1986]).

Pursuant to CPLR 3211 (a) (4), a defendant may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211 [a] [4]). The Supreme Court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending (see Morgan Barrington Fin. Servs., Inc. v Nahzi, 85 AD3d 1135 [2011]). Under the circumstances of this case, the court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (4) to dismiss the complaint insofar as asserted against it, and joining this action with a previously commenced action for discovery and trial (see Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846 [2008]; Gutman v Klein, 26 AD3d 464 [2006]; Reckson Assoc. Realty Corp. v Blasland, Bouck & Lee, 230 AD2d 723 [1996]; Stewart-Scott Constr. Corp. v Schaefer Brewing Co., 41 AD3d 788 [1973]).

The Supreme Court also correctly concluded that the complaint sufficiently stated causes of action to recover on an account stated and to recover damages in quantum meruit and for unjust enrichment so as to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Environmental Appraisers

& Bldrs., LLC v Imhof, 143 AD3d 756 [2016]; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 19 [2008]). Moreover, the documentary evidence submitted by the defendant in support of its motion did not utterly refute the complaint's factual allegations and conclusively establish a defense as a matter of law (see CPLR 3211 [a] [1]; Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786-787 [2015]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1), (4), and (7) to dismiss the complaint insofar as asserted against it. Mastro, J.P., Hall, Austin and Barros, JJ., concur.